O’CONNELL, Justice.
This is a petition for certiorari to review an order of the Florida Industrial Commission.
Two questions are necessary to be considered when determining whether the petition should issue. First is as stated in the order of the Deputy Commissioner to which the petition is directed, “Is there a statutory basis for awarding compensation for an additional total disability period after the final award of temporary total and permanent partial disability compensation has been fully paid.”
The second question, as stated in order of the full Commission approving the order of the Deputy Commissioner, is as follows: “It appears to us that the primary question presented by the application for review is whether the employer and carrier are'entitled to credit against such compensation for temporary total disability any part of the compensation theretofore paid to the employee for permanent partial disability under an award which had long since become final.”
The pertinent facts are as follows:
The claimant, Robert Forbes, sustained a compensable injury to his left leg on August 30, 1951. A claim was filed after which the Deputy Commissioner, by order Rated July 30, 1952, found that the claimant had reached maximum medical recovery on May 26, 1952, that as a result of his said injury claimant has suffered permanent partial disability of 50% loss of use of his left leg, and that claimant would need further medical treatment and observation as long as he lived. By said order, which was affirmed by the full Commission and by this Court, the employer and carrier were ordered to pay the claimant compensation for 100 weeks at $27.60 per week, commencing May 26, 1952, in a lump sum, with discounts, and to furnish such further medical treatment as might be required by the injury. The carrier, after this order was affirmed by this Court, did in May 1954 comply with the order and pay the compensation to claimant in lump sum and continued to furnish medical treatment. On July 20, 1954, at the instance of the carrier an operation was performed on claimant’s injured leg. The carrier paid the cost of the operation and post-operative care, but paid no compensation to claimant for the period of disability following the operation.
Claimant filed a claim for the period of temporary total disability following the operation. The Deputy Commissioner treated the claim as being under the provisions of Section 440.28, Florida Statutes, F.S.A., and after a hearing on the claim issued an order dated March 30, 1955, in which he found among other things that: “In April of 1954 the employer/carrier placed claimant under the treatment of Dr. Robert Zellner of Orlando, Florida, who advised a further operation on. claimant’s leg. Claimant was employed up to the date of the operation, which was performed on July 20, 1954. Following the operation, claimant sustained a period of temporary total disability from July 20, 1954, through September 10, 1954, a period of seven weeks and four days. As the result of the operation, claimant’s left leg improved to such an extent that he is now suffering from a 10% permanent partial disability of the use of the left leg.”
The Deputy Commissioner in his order required the carrier to pay temporary total disability for a period of seven weeks and four days at the rate of $27.60 per week and *270 to pay claimant’s attorney $75 for legal services.
Tire carrier contends that claimant did not make a showing of change of condition such as to entitle him to further compensation, and further that, even if claimant did make a showing of change of condition which would entitle him to temporary total disability, the employer and carrier were entitled to deduct from such unpaid compensation payments theretofore made in excess of the decreased rate from 50% to 10% disability of the left leg.
In determining the question as to whether an employee under such circumstances as found here would be entitled to payments for temporary total disability after a final award of permanent partial disability had been made, we believe that the Deputy Commissioner and the full Commission properly found that the claimant was entitled to such payments. The Act involved does not prohibit such awards. It defines the various classes of disability as being: (1) Permanent total; (2) Temporary total; (3) Temporary partial; and (4) Permanent partial. It does not prescribe that they must occur in any specific order. While this Court has not heretofore ruled on the exact question, we now subscribe to the view that an employee may be awarded compensation for temporary total disability after an award of permanent partial disability has been made for the same injury. The question was decided in the same manner in the case of Colbert v. Consolidated Laundry, 31 N.J. Super. 588, 107 A.2d 521.
The Deputy Commissioner made no mention in his order of the carrier’s claim for setoff or credit because of its overpayment for permanent partial disability, but the full Commission in affirming the order of the Deputy Commissioner did consider this question as indicated by that portion of the order quoted in the third paragraph of this opinion.
We feel that the full Commission decided the question properly. Under Section 440.-28, F.S., F.S.A., it is provided that the Commission may within specified time limits review a compensation case on application of either party or on its own motion and may issue a new compensation order. This section further provides that “ * * * Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the commission.” (Emphasis ours.)
We construe this section of the Act to mean that overpayment or excessive payment shall arise only when an award decreasing the compensation rate is made effective from the date of the injury or is made effective at a date prior to a date or dates on which payments were made at the rate set in the order modified.
In other words it must be determined that the compensation rate set initially was too large and that the payments made were in excess of the compensation to which the claimant was entitled. In the instant case it is not contended that the claimant had a disability of less than 50% of the use of his left leg during the period of 100 weeks following May 26, 1952, the period in which the permanent partial disability payments were to be made, nor did the Deputy Commissioner make any award decreasing the compensation rate effective during that period, it being obvious from the facts and the orders reviewed that the decrease in disability occurred after the period of 100 weeks from May 26, 1952.
It therefore appears that there was no overpayment.
For the reasons above cited certiorari is denied.
While it is not the practice of this Court to write an opinion in denying a peti *271 tion for certiorari, it will do so in those cases where points are raised which have not been decided by this Court and on which points an opinion of this- Court would assist the bench, administrative agencies of the State, and the bar in the administration of justice. We feel that this is such a case.
DREW, C. J., and TERRELL and HOBSON, JJ., concur.