228 So.2d 900 (1969)
Margaret CORRAL, Petitioner, Cross-Respondent,
v.
McCRORY CORPORATION, Consolidated Mutual Insurance Company and the Florida Industrial Commission, Respondents, Cross-Petitioners.
No. 37944.
Supreme Court of Florida.
November 19, 1969.
*901 Dan G. Wheeler, Jr., of Wheeler & Evans, Miami, for petitioner, cross-respondent.
Howard N. Pelzner, Miami, for respondents, cross-petitioners.
Patrick H. Mears and J. Franklin Garner, Tallahassee, for Florida Industrial Commission, respondent.
BOYD, Justice.
This case is before us on petition and cross-petition for writ of certiorari to the Florida Industrial Commission.
Petitioner injured her back when she slipped and fell on some grease while checking a food supply for the employer's restaurant. She was provided medical care and treatment by Doctors Eney and Neal. Doctor Eney discharged claimant on December 9, 1964, as having reached maximum medical improvement with an anatomical disability of 5%. Prior to this date, claimant had returned to work on a part-time basis and continued in this status, that is, working on a part-time basis for her employer until December 16, 1966, exclusive of certain periods when she was either in the hospital or totally disabled by reason of the injury.
*902 Claimant continued under the care of Doctor Neal after having been discharged by Doctor Eney and was seen by Doctor Neal on 64 occasions during which she was provided physical therapy and, on one occasion, admitted to the hospital for myelographic study. Doctor Neal discharged claimant on April 11, 1966, with an anatomical disability of 10% of the body as a whole.
Claim was filed alleging that the rating of Doctor Eney was premature; that actual recovery was April 11, 1966, and requesting the Judge of Industrial Claims to compensate claimant for temporary partial disability during the period prior to April 11, 1966.
The Judge of Industrial Claims ruled that claimant reached maximum medical recovery on April 11, 1966, and sustained a 25% permanent partial disability of the body as a whole based on wage earning capacity loss. The Full Commission affirmed the award of 25%, but reversed that portion of the Judge's order which held claimant's maximum medical recovery to be April 11, 1966, rather than the original date of December 9, 1964. The Full Commission held that all treatment afforded by Doctor Neal was palliative in nature and that all this treatment was undergone subsequent to December 9, 1964, with no reasonable expectation of further improvement.
Petitioner contends that the Full Commission, in reversing the determination of the date of maximum medical improvement, has misconstrued and misapplied the law.
The employer-carrier in its cross-petition contends that the Full Commission in affirming the award of 25% permanent partial disability has failed to consider the variables set out in Ball v. Mann, 75 So.2d 758 (Fla. 1954) and Bell v. Southern Bell, Tel. & Tel. Co., 152 So.2d 473 (Fla. 1963).
Claimant testified on January 16, 1967, that her condition was essentially the same as it had been in 1964. Dr. Neal, who treated claimant during the two years in question, testified on cross-examination:
"Q. If this woman has testified and the Judge should choose to believe her, and there is no reason for him to disbelieve her  to the effect that on January 16, 1967, she felt essentially the same as she did when discharged by Dr. Eney on December 9, 1964, would you consider that that time of reaching maximum recovery from the original accident was more appropriate than the one you gave?
"* * *
"A. If she had not improved on the basis of her pain, I would say there had been no improvement in the interval.
"Q. In other words, if she said she was about the same, then your treatment was more palliative than curative.
"A. That is correct."
Based on the foregoing statement of Dr. Neal, the Full Commission ruled:
"It is apparent, in view of the above testimony, that Dr. Neal has reclassified his treatment of the claimant as palliative which, in our opinion, is an admission that the claimant's maximum medical recovery was reached on December 9, 1964, since palliative treatment presupposes, from a medical standpoint, that the patient can get no better. This being the case, the periods that the judge awarded claimant compensation for temporary partial disability and temporary total disability subsequent to December 11, 1964 (sic), must be redetermined."
The Full Commission erred in basing its determination of the date of maximum medical improvement on the fact that treatment by Dr. Neal after that date failed to improve claimant's condition. The nature of medical treatment is not to be determined by the ultimate success or failure of the treatments. Treatments are curative in nature if administered or prescribed *903 by a qualified physician with the reasonable expectation that they will bring about some degree of recovery.
There is no indication that the treatments were undertaken other than in good faith. Dr. Neal is an orthopedic surgeon and qualified to treat claimant's injured back. His diagnosis was lumbar sprain with radiculitilis. Myleographic studies by Dr. Neal also indicated a possible protruding lumbar disc. Treatments of claimant by Dr. Neal included traction and heat treatments in the hospital, physiotherapy medication, bed rest and back exercises.
We have held that a claimant must take all reasonable steps to reduce the liability of his employer by prompt medical attention where that is indicated.[1] In the instant case claimant submitted to treatments which she and her qualified physician reasonably believed would improve her condition. Her good faith and cooperation are not questioned. By hindsight, we can now see that the two years of treatment were probably more palliative than curative. This unfortunate fact was not foreseeable and cannot be used to deprive claimant of temporary disability benefits.
Temporary disability is the healing period during which a claimant is totally or partially unable to work due to his injury. Temporary disability continues as long as recovery or lasting improvement in the injured person's condition can reasonably be expected.[2] The date of maximum medical improvement marks the end of temporary disability and the beginning of permanent disability.[3] Maximum medical improvement is the date after which recovery or lasting improvement can no longer reasonably be anticipated. Determination of this important date is often a difficult question of fact to be resolved by the Judge of Industrial Claims, as in the instant case.
Other points for review raised by the petition and cross-petition have also been considered and found to be without merit.
That portion of the Full Commission's order which reversed the date of maximum medical improvement and award of temporary disability by the Judge of Industrial Claims is quashed. The Order of the Judge finding April 11, 1966, as the date of maximum medical improvement and awarding temporary disability compensation benefits accordingly, is reinstated. In all other respects the Commission's order is affirmed.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW, CARLTON and ADKINS, JJ., concur.
NOTES
[1] Lobnitz v. Orange Memorial Hospital, 126 So.2d 739 (Fla. 1961).
[2] Concord Realty Corporation v. Romano, 159 Fla. 1, 30 So.2d 495 (1947).
[3] Sand v. Eden Roc Hotel, 140 So.2d 104 (Fla. 1962), Alpert, Florida Workmen's Compensation Law § 16:20 (1966).