394 So.2d 159 (1981)
CLYATT MEMORIAL, INC. and R.P. Hewitt & Assoc's of Florida, Inc., Appellants,
v.
Havina SCOTT, Appellee.
No. TT-457.
District Court of Appeal of Florida, First District.
February 10, 1981.
Rehearing Denied March 9, 1981.
*160 Robert W. Elton, of Smalbein, Eubanks, Johnson, Rosier & Bussey, Daytona Beach, for appellants.
Stephen M. Slepin, of Slepin & Slepin, Tallahassee and Richard A. Schwartz, Daytona Beach, for appellee.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, arguing that the Deputy Commissioner ("the Deputy") erred by awarding the claimant temporary total disability ("TTD") benefits. We agree and reverse.
In 1975, the claimant suffered a compensable back injury. The Deputy subsequently entered an Order, finding that maximum medical improvement ("MMI") was reached on November 22, 1976, and ordering that the appellants provide the claimant with permanent partial disability ("PPD") benefits. This Order was reversed by the Industrial Relations Commission, but the determination of MMI was neither appealed nor disturbed.
On remand, the Deputy entered a new Order, and the claimant filed a petition for modification, requesting TTD and PPD benefits. This petition was later withdrawn, but the claim for TTD benefits was maintained. After a hearing, the Deputy entered an Order, directing the appellants to provide the claimant with TTD benefits for the period from August 7, 1979 to September 10, 1979.
The appellants contend in part that since the Deputy had previously determined that the claimant had reached MMI on November 22, 1976, she could not properly award the claimant additional TTD benefits. Ordinarily, MMI "marks the end of temporary disability and the beginning of permanent disability." Corral v. McCrory Corp., 228 So.2d 900, 903 (Fla. 1969). We recognize that a finding of MMI (and an award of PPD benefits) does not always preclude a later award of TTD benefits. See, e.g., Smitty's Coffee Shop v. Florida Industrial Com'n, 86 So.2d 268 (Fla. 1956); Chapel v. Broward, 3 FCR 421 (1959), cert. den., 112 So.2d 923 (Fla. 3d DCA 1959). (Both decisions upheld awards of TTD benefits after findings of MMI and awards of PPD benefits had been made.) But unlike either Smitty's Coffee Shop or Chapel, this case does not involve an award of TTD benefits for a period of recuperation following a curative surgical procedure that was necessitated by a compensable injury. Nor was there a period of TTD during or following curative medical treatment that was necessitated by a compensable injury. Thus, there was no basis for properly awarding TTD benefits after the date of MMI was determined, and accordingly, the Deputy's Order is reversed.
ROBERT P. SMITH, Jr., J., and WOODIE A. LILES (Ret.) Associate Judge, concur.