394 So.2d 1091 (1981)
DEPARTMENT OF OFFENDER REHABILITATION and Division of Risk Management, Appellants,
v.
Bertie Mae GODWIN, Appellee.
No. UU-64.
District Court of Appeal of Florida, First District.
March 10, 1981.
*1092 R. Dennis Comfort and Anthony J. Salzman, of Jones & Langdon, Gainesville, for appellants.
S. David Cox, Gainesville, for appellee.
JOANOS, Judge.
The claimant/appellee in this workers' compensation appeal had three accidents involving the same employer over a two and a half year period. The first took place on March 4, 1975 when the claimant fell and injured primarily her right knee. She filed a separate claim against the employer for the 1975 injury; the disposition of that claim is not a subject of this appeal. The claimant's next two accidents allegedly occurred within one month of each other. On July 27, 1977, the claimant experienced upper back pain while lifting a patient, and on August 15, 1977, the claimant fell, apparently injuring her right knee and low back. When the claimant filed her claim seeking temporary and partial disability benefits, as well as medical expenses, she referred only to August 15, 1977 as the date of the accident although she did suggest that a "merger" of injuries had occurred. A hearing was held on this claim, and the deputy commissioner found that the claimant's August 15th injuries were "superimposed on a prior injury." The employer/appellant was ordered to pay temporary total disability ("TTD") benefits from the date of the accident to September 6, 1978 and permanent total disability ("PTD") benefits thereafter. The deputy also found that the claimant reached maximum medical improvement ("MMI") on December 19, 1977. The employer appeals this order and raises several meritorious points.
One error in the order is the deputy's inconsistent finding with regard to the breaking point between temporary and permanent disability. The deputy ordered payment of TTD until September 6, 1978 yet found that MMI was reached on December 19, 1977. It is a principle of Workers' Compensation Law that except under unusual circumstances not present here, the date of MMI marks the end of temporary disability and the beginning of permanent disability. Corral v. McCrory Corp., 228 So.2d 900 (Fla. 1969). Thus, the deputy's award of TTD almost 10 months after the date he found for MMI is faulty.
The deputy's determination on MMI is erroneous in another respect. In the record, the only evidence regarding December 19, 1977, the date that the deputy found as MMI, is that it was the date when a physician wrote his report. In that report, the doctor stated that MMI occurred on November 17, 1977. Even the validity of *1093 the November date is questionable, however, because of contradictory notes written by the same physician and the claimant's testimony that the December report was the result of a secretarial error. In any event, the inconsistent and unsupported findings made by the deputy necessitate a reconsideration of the MMI date which is based upon competent substantial evidence and which coincides with the end of temporary benefits and the beginning of permanent benefits.
As another issue raised on appeal, the employer argued that the deputy's finding of PTD based on wage earning capacity loss was erroneous because the claimant failed to conduct an adequate job search after reaching MMI. Since we are remanding this case for redetermination of the MMI date, we cannot make a decision on the adequacy of the search or whether a job search was excusable under the circumstances. We do note, however, that the order was deficient for its failure to apply the facts of the case to any of the criteria set forth in Walker v. Electronic Products & Engineering, 248 So.2d 161 (Fla. 1971). On remand, if the deputy determines that the claimant is entitled to an award based on loss of wage earning capacity, he should base that award upon those ultimate facts which support such a finding. Commercial Union Assurance Co. v. Hyman, 379 So.2d 456 (Fla. 1st DCA 1979).
The employer also contests the deputy's finding that the claimant's injuries were "superimposed on a prior injury" to cause permanent total disability. Initially, we note that the deputy's order is unclear as to his meaning in making that finding. The deputy did not state what the "prior injury" was, whether and to what extent the unnamed prior injury resulted in any permanent impairment prior to the August 15th accident, or whether the claimant had previously been compensated for the prior injury. This last factor is particularly important since the record reveals that the claimant suffered several earlier work-related injuries with the same employer. Under § 440.15(5), Florida Statutes (1977), the employer should not be placed in the position of making double compensation payments. The claimant testified that she filed a claim for the 1975 accident with the same employer but her testimony regarding the disposition of that claim is vague. On remand, the parties should be afforded the opportunity to present more adequate evidence to determine the application of § 440.15(5). If the deputy determines that merger or apportionment under § 440.15(5) is appropriate, he should make that clear.
Two final points also require reconsideration by the deputy. First, the deputy incorrectly ordered the employer to pay for the claimant's medical transportation at the rate of 17¢ per mile when both parties stipulated that mileage should be awarded at the rate of 14¢ per mile for travel before July 1, 1979 and 17¢ per mile for any travel after that date. Second, since there will be an alteration of the benefits awarded on remand, the attorney's fee award should also be reconsidered.
REVERSED and REMANDED for reconsideration consistent with this opinion.
McCORD and SHIVERS, JJ., concur.