WENTWORTH, Judge,
dissenting:
I would affirm because the decisions disregarding work search efforts before maximum medical improvement are not in my opinion pertinent to this case in which claimant’s medical restrictions, treatment and symptomatic conditions did not change materially at the time of the stipulated date of maximum medical improvement. That date here apparently marked only the end of any expectation of change from the preceding two and a half years of conservative treatment for temporary disability, which did not involve surgery or other significant medical intervention.[1] The deputy, in measuring permanent loss, could therefore reasonably rely upon the doctor’s continuous restriction against work involving “any demands on her back,” and upon claimant’s experience in actually working in six different occupations for short periods during a two-year span. All of those jobs ended with physical incapacity (not negated by her physician) except one which required her to have a phone which she could not then afford. I find no admitted hiatus in work search except for six weeks preceding her October 1980 deposition, following exacerbation of her back and leg syndrome by a “sprained medial collateral ligament” requiring a splint. Interruption of this work search, serving only to measure incapacity, would not in any event have the same significance as would lack of continuity of search in connection with wage loss claims under statutory amendments following claimant’s accident.
The deputy’s award of 55% loss of wage earning capacity is sustained by his findings and the evidence on all pertinent factors affecting claimant.[2] Those facts included a seventh grade education and a 22-year employment history primarily in physical labor commencing in a cigar factory without evidence of disability until her back injury from lifting a large grease container in her work as a cook at Sambo’s. I find no reason to overturn the deputy’s explicit reliance on claimant’s credibility, good faith, and motivation, evidenced in part by her success in a recommended weight loss of 70 pounds. Nor would I discount a job application as admittedly inappropriate when the stated rejection is “We won’t take you with a brace.” The order and record seem to me to be patently inappropriate for appellate relief.

. See Corral v. McCrory Corp., 228 So.2d 900 (Fla.1969).

. § 440.25, Florida Statutes (1978), citing eight critical factors preceding a reference to “evidence of good faith work search.”