430 So.2d 955 (1983)
Pastora RODRIGUEZ, Appellant,
v.
MIAMI BAKING COMPANY, INC., Employers Insurance of Wausau, a Mutual Company, and the Division of Workers' Compensation of the Florida Department of Labor & Employment Security, Appellees.
No. AN-132.
District Court of Appeal of Florida, First District.
April 27, 1983.
Rehearing Denied May 20, 1983.
*956 Edward Schroll, Miami, for appellant.
Steven Kronenberg of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
MILLS, Judge.
Rodriguez appeals the deputy commissioner's order denying her claim for temporary total disability (TTD) benefits and for permanent total disability (PTD) or wage loss benefits following the date of maximum medical improvement (MMI). We affirm in part and reverse in part.
Rodriguez suffered a compensable injury to her back on 26 August 1979 when, while lifting a heavy object, she slipped and fell, landing in a sitting position on a wooden floor. Although she was allowed to return to work by her physician on 29 August, she was hospitalized on 3 September 1979 and never returned to work after that date. Except for a brief hiatus not pertinent to this appeal, TTD benefits were paid from 3 September 1979 through 28 July 1981.
On 22 July 1980, Rodriguez came under the care of Dr. Alzugaray. He continued to treat her until 12 February 1982, which he later testified was the date of MMI. He further testified that Rodriguez had seen only minimal improvement and that she was unable to work during the entire time he treated her.
At the hearing, the employer/carrier introduced for impeachment purposes a slip signed by Dr. Alzugaray and dated 18 March 1981 allowing Rodriguez to return to work. Rodriguez admitted that she had received three return-to-work slips from three different physicians in February 1981, March 1981, and June 1981.
The deputy commissioner also received into evidence videotapes showing Rodriguez' activities on 20 July 1981, 23 July 1981, and 8 April 1982. At various times on these dates, she was seen lifting cases of soft drinks, bending, and aiding customers at bakeries owned by her brothers. Further, Rodriguez testified that she had sought work at only two places during the time since her accident.
After hearing the evidence, the deputy commissioner denied TTD benefits for the period from 28 July 1981 to 12 February 1982, and further denied PTD or wage loss benefits for the period following 12 February 1982.
On appeal, Rodriguez first contends that the deputy commissioner failed to make adequate findings of fact. Having examined the order, we find this contention to be without merit. The order here sets forth both the nature of the accident and the injury, the treatment provided in the past and that presently being provided, the type of benefits sought, and the reasons for denial of those benefits. These findings are sufficient. Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980).
Rodriguez next asserts that the deputy commissioner erred in failing to award TTD benefits from 28 July 1981 through 12 February 1982. We disagree. Rodriguez admitted that she had received three return-to-work slips during this purported period of disability. Further, based on his observations of the videotapes showing Rodriguez' activities on 20 July 1981 and 23 July 1981, the deputy commissioner could have concluded that she was no longer temporarily totally disabled beginning on 28 July 1981.
*957 We note, however, that there was unrebutted testimony showing that Rodriguez was hospitalized due to her injury from 1 February 1982 to 12 February 1982. Therefore, the deputy commissioner did err in failing to award TTD benefits for this brief period, and we reverse that portion of the order.
Finally, contrary to Rodriguez' contentions, there was no error in denying PTD or wage loss benefits following the date of MMI. The deputy commissioner was entitled to conclude from the videotape of 8 April 1982 that Rodriguez was not disabled, and wage loss benefits were properly denied due to a totally inadequate job search.
Accordingly, we affirm all portions of the order except that portion denying TTD benefits for the period from 1 February 1982 to 12 February 1982.
JOANOS and THOMPSON, JJ., concur.