SHIVERS, Judge.
In this workers’ compensation case the self insured employer, the City of Tampa, appeals an order of the deputy commissioner awarding temporary total disability (TTD) to claimant, Miyares. The city contends that the deputy commissioner erred in awarding TTD benefits after the date of maximum medical improvement (MMI). We agree and reverse.
Miyares was employed by the City of Tampa Police Department. He injured his lower back in two separate incidents in 1970 and 1973. In the first incident a chair in which he was sitting broke, and in the other incident he fell backwards out of a chair in which he had been sitting. Since that time appellee has consistently complained of lower back pain, and he has been seen and treated by a variety of physicians over the years. The doctors’ reports show consistent diagnoses of chronic lumbosacral strain with some reports also indicating degenerative disc disease. Miyares was found to have reached MMI on June 25, 1975.
In 1981 Miyares was treated by Dr. Springstead. Dr. Springstead’s reports reflected the same findings as the previous doctors who had evaluated Miyares. It was Dr. Springstead’s stated opinion, however, that Miyares is, and will continue to be, TTD. Miyares petitioned for a modification of his workers’ compensation status and a hearing was held. The evidence presented by appellee in support of his petition consisted of Dr. Springstead’s reports and Mi-yares’ own testimony that his condition had worsened. No evidence to support an increased permanent disability rating was presented. The deputy commissioner ordered that Miyares be paid TTD benefits from May 1, 1981 and continuing.
Ordinarily, the date of MMI marks the end of temporary disability and the beginning of permanent disability. There are, however, two cases which uphold an award of TTD benefits subsequent to a determination of MMI. Smitty’s Coffee Shop v. Florida Industrial Commission, 86 So.2d 268 (Fla.1956); Chapel v. Broward, 3 FOR 421 (1959). Both of these cases involved an award of TTD benefits for a period of recuperation following a curative surgical pro *541 cedure which was necessitated by a compen-sable injury. The instant case is clearly distinguishable in that here there is no curative medical treatment which can justify an award of TTD benefits. The case sub judice, therefore, falls squarely within the general rule of Clyatt Memorial, Inc. v. Scott, 394 So.2d 159 (Fla. 1st DCA 1981). The deputy commissioner erred in awarding TTD following the date of MMI.[1]
Accordingly, the order of the deputy commissioner dated January 29, 1982 is REVERSED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.

. This holding does not prejudice appellee’s right to seek permanent disability benefits should the facts so warrant.