431 So.2d 251 (1983)
EMERGENCY ONE, INC., and Travelers Insurance Co., Appellants,
v.
Kenith V. WILLIAMS, Appellee.
No. AN-60.
District Court of Appeal of Florida, First District.
May 9, 1983.
*252 Daniel L. Hightower of Green, Simmons, Green, Hightower & Gray, Ocala, for appellants.
Terence J. Kann of Barton, Cox & Davis, Gainesville, for appellee.
WENTWORTH, Judge.
We affirm the award of temporary disability compensation benefits in this case because the evidence supports a finding, though improperly articulated in the order, that claimant reverted to a condition of temporary disability subsequent to the initial date of maximum medical improvement recognized in the order. In Smitty's Coffee Shop v. Florida Industrial Commission, 86 So.2d 268 (Fla. 1956), the Court pointed out the four classes of disability benefits defined in the Workers' Compensation Act and noted that:
[The Act] does not prescribe that they must occur in any specific order ... [therefore] we now subscribe to the view that an employee may be awarded compensation for temporary total disability after an award of permanent partial disability has been made for the same injury.
Id. at 270. The holding in Smitty's is not limited to situations in which the claimant is recovering from post-MMI remedial surgery. See Acousti Engineering Co. v. Shivers, 391 So.2d 792 (Fla. 1st DCA 1980).[1]
The record in this case shows that on May 22, 1981, claimant's treating physician released him for work without limitations, and the order recognizes that date as maximum medical improvement. After examinations in early June the physician modified his recommendation, prescribed certain therapy, and limited claimant to "light duty" work, noting that the restrictions were temporary. The physician concluded against technical modification of the prior date set by him as MMI, but for compensation purposes that determination is clearly one to be made by the deputy based on the substance of the physician's testimony and not the label applied by him to claimant's condition.[2] Claimant was properly found to be experiencing temporary disability caused by a compensable accident and should be compensated accordingly, based on the deputy's determination of diligent work search for the periods in question.
The order should be considered amended to reflect termination of MMI status at the time temporary benefits were reinstated, and as amended the award is affirmed.
JOANOS, J., concurs.
SHIVERS, J., dissents without opinion.
NOTES
[1] The circumstances in the present case present no necessity for consideration of when an award of temporary benefits, after final adjudication of MMI, may constitute a modification of the prior order. Cf., Clyatt Memorial, Inc. v. Scott, 394 So.2d 159 (Fla. 1st DCA 1981). Neither does the present appeal involve inconsistent findings which cannot be reconciled by reference to the record. Cf., Department of Offender Rehabilitation v. Godwin, 394 So.2d 1091 (Fla. 1st DCA 1981); and Dan's Plumbing v. Smith, 410 So.2d 941 (Fla. 1st DCA 1982).
[2] Dr. Freed continued to treat claimant regularly, and on December 11, 1981 (apparently the last visit before the hearing), he noted that claimant "has a chronic strain, but without neurological involvement and ultimate prognosis remains good."