447 So.2d 268 (1983)
Freddie Lee ATKINS, Appellant,
v.
GREENHUT CONSTRUCTION COMPANY, and United States Fidelity and Guaranty Company, Appellees.
No. AK-194.
District Court of Appeal of Florida, First District.
November 23, 1983.
Rehearing Denied April 5, 1984.
*269 Thomas W. Davis of Barton, Cox & Davis, Gainesville, for appellant.
Jack A. Langdon of Jones & Langdon, Gainesville, for appellees.
NIMMONS, Judge.
Atkins appeals the deputy commissioner's order denying his request for modification of a previous compensation order entered on August 1, 1979. Claimant sought temporary total or temporary partial disability and other benefits. We affirm in part and reverse in part.
Atkins, a manual laborer, was injured in a compensable accident on November 15, 1977. He sustained an injury to his right hand as he was assisting in wrapping cables around a tractor so that it could be lifted and loaded onto the back of a truck. As the tractor was lifted, Atkins' hand was crushed when it was caught between the tractor and cable causing him to be lifted off the ground. The hand failed to heal properly and a mass of tissue grew over the injured area. This mass was first surgically removed by Dr. Shaw in 1978.
Atkins later came under the care of Dr. Furlow, a plastic and reconstructive surgeon, who assigned a permanent impairment rating of 14% of the arm. He diagnosed Secretan's Disease and recommended against further surgery.
The initial hearing on the accident was held July, 1979, at which time it was stipulated that the accident was compensable under the workers' compensation law. The employer/carrier accepted Atkins as permanently partially disabled to the extent of 14% of the arm. At the initial hearing, Atkins claimed entitlement to a rating greater than 14% of the arm by reason of merger with a pre-existing back injury to cause a greater permanent partial disability (PPD) or permanent total disability (PTD). In his August 1, 1979, order, the deputy commissioner ruled against Atkins' claim for benefits in excess of the 14% PPD. The order was appealed and affirmed without opinion. Atkins v. Greenhut Construction Company, 388 So.2d 1121 (Fla. 1st DCA 1980).
Subsequent to the July, 1979, hearing, Atkins developed further difficulty with his hand. Dr. Shaw (an authorized physician) referred Atkins to Dr. Dell, the chief of hand surgery at Shands Teaching Hospital in Gainesville, in order "to see what his feelings are with respect to consideration for excision of this mass."
Dr. Dell saw Atkins on two occasions and his bills and reports were properly submitted to and paid by the carrier. Dr. Dell, who agreed with the diagnosis of Secretan's Disease, recommended surgery on Atkins' hand. The carrier informed Dr. Dell by letter that no authorization would be given without further information concerning Atkins' condition. Dr. Dell proceeded to excise the mass from Atkins' hand in February, 1980, and billed the carrier therefor. The carrier has refused to pay such bills on the grounds that he was not authorized.
The condition of Atkins' hand did not improve. Due to the frequent breakdown of the scar tissue, Atkins' hand was in a cast from February, 1980, through August, 1980. Thereafter, when Atkins returned to work, his scar tissue broke down again. Atkins required further care for infection *270 and another cast. By this time, the scar tissue was beginning to adhere to the tendons causing a limitation of range of motion in the hand.
Atkins filed his petition for modification on April 20, 1981, based upon the change of condition in his hand. This petition also sought payment of medical bills for Shands and Dr. Dell. Atkins filed a claim for additional benefits on July 23, 1981. A hearing was held September 28, 1981.
In urging affirmance of the deputy's order denying Atkins' petition for modification, E/C asserts that the worsened condition of Atkins' hand was attributable to self-infliction. Although there was some speculation in the medical records to that effect, the evidence does not support such a conclusion. At one point, Dr. Dell, described Atkins' hand condition as one which "may be a self-inflicted type of injury with recurrent swelling and such; it may be a self-mutilation type of a problem." The E/C also points to a report of the doctor who performed an abscess drain in June 1980: "[T]here is some suspicion that the patient may be self-mutilating himself for the chronic infections he has suffered and slow healing of the wound."
The law presumes, absent substantial evidence to the contrary, that an injury is not occasioned by the willful intention of the employee to injure himself. Section 440.26, Florida Statutes. We assume the deputy applied the principle inasmuch as his order contains no finding of self-mutilation, there being no competent substantial evidence to support such a finding.
The other principal argument advanced by the E/C for affirming the deputy's ruling denying the modification petition is the deputy's finding of no change of condition because, as the deputy said, "I specifically noted that the claimant testified that, at the time of the hearing [on claimant's modification petition], his hand was not as swollen as it was at the time of [the initial hearing]." However, it does not follow that simply because his hand, on the day of the hearing in September, 1981, was less swollen than it was at the initial hearing over two years earlier, Atkins' hand cannot, therefore, be regarded as having developed an adverse change of condition after the initial hearing.
The evidence clearly established the tissue breakdown in Atkins' hand, the need for excising the mass and the hospitalization for surgery. There was no competent substantial evidence to support a contrary determination. Atkins was entitled to a modification based upon change of condition pursuant to Section 440.28.
Where there is unrebutted testimony that claimant has been hospitalized after MMI, due to a compensable injury, it is error to deny TTD benefits at least for the hospitalization period. Pastora Rodriguez v. Miami Baking Company, Inc., et al., 430 So.2d 955 (Fla. 1st DCA 1983). Further, TTD benefits for a period of recuperation following a curative surgical procedure necessitated by a compensable injury are properly awardable, Smitty's Coffee Shop v. Florida Industrial Commission, 86 So.2d 268 (Fla. 1956); Chapel v. Broward, 112 So.2d 923 (Fla.App. 1959). On remand, further proceedings should be conducted to include the determination of the point in time Atkins' temporary disability began; the period of time Atkins' temporary disability extended; and the point in time Atkins thereafter reached maximum medical improvement.
Appellant also asserts that it was error for the deputy to deny payment of the medical bills of Dr. Dell and Shands Hospital for the surgery performed by Dr. Dell in February, 1980. We affirm the deputy on this point. In McKinney v. McKinney Farms, 380 So.2d 469 (Fla. 1st DCA 1980), we held that where referral of a claimant to a doctor is made by an authorized treating physician in exercise of his own judgment, and not at the request of the claimant, that referral and subsequent hospitalization and referral of the claimant to another doctor were in normal progression of authorized treatment, and the carrier is responsible for them. But we stated:

*271 For future cases, however, we suggest that the authorized physician contact the carrier and secure authorization before subjecting it to financial responsibility for such treatment and hospitalization.
380 So.2d at 470. We subsequently held in Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980), that the implied authorization which results when an authorized physician refers a claimant to another doctor extends to evaluation and not treatment. When the insurance carrier was notified that additional surgery on Atkins' hand was recommended by Dr. Dell, it sent a letter advising that "... before any authorization will be given under workmen's compensation for this surgery we will have to have some explanation from you giving us your professional opinion as to why this is now necessary."[1] We are of the view that the deputy did not err in finding the letter sufficiently clear to put Dr. Dell on notice that the carrier was not authorizing the surgery. This was not a situation where the carrier had refused to authorize any treating physician as Drs. Shaw and Furlow were still authorized. That portion of the deputy's order denying Atkins' claim for payment of medical bills is therefore AFFIRMED.
On remand the deputy shall also consider any claim for attorney's fees and costs that may be proper in that Atkins has prevailed in seeking benefits.
Affirmed in part and Reversed in part and Remanded for proceedings consistent with this opinion.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Atkins urges on appeal that Dr. Dell responded in writing to the carrier's letter. However, no such letter from Dr. Dell was offered in evidence and there was no testimony presented before the deputy regarding the existence of any such letter from Dr. Dell.