WIGGINTON, Judge.
Appellants, employer/carrier, appeal that portion of the deputy commissioner’s order awarding appellee temporary total disability from May 16, 1983, and continuing. We affirm in part and reverse and remand in part.
On September 11, 1982, appellant injured his lower back and groin area in a work related accident. Employer/carrier provided immediate medical care. Over the next few months, employer/carrier provided ap-pellee with examination and treatment by three orthopedists, all of whom performed a battery of tests and concluded that appel-lee suffered no permanent impairment as a result of his injury. They each returned him to work with no substantial restrictions. Employer/carrier paid appellee temporary total disability benefits through the latest date on which a doctor found that he had reached maximum medical improvement.
After that date, appellee continued to complain of pain in his back and groin area. Without authorization, he saw Dr. Heard, an orthopedist, on February 28, 1983. Dr. Heard recommended another series of tests which would require hospitalization. In April, 1983, a hearing was held before the deputy commissioner on appellee’s claim for additional temporary total disability benefits and additional medical treatment. The deputy commissioner later entered an order denying the claim for additional temporary total disability benefits but directing employer/carrier to provide medical care under Dr. Heard.
Dr. Heard hospitalized appellee from April 27 until April 29, 1983, and conducted the tests. The test results showed no organic cause for appellee’s symptoms. Dr. Heard did recommend, however, that appel-lee receive “facet joint injections and blocks” for which he hospitalized appellee again from May 16 through June 4, 1983. On June 4, appellee had achieved no improvement so Dr. Heard fitted him with a fiberglass body jacket and sent him to a pain clinic to be treated by Dr. Kolin, a psychiatrist. The record contains no reports or depositions from Dr. Kolin, but Dr. Heard refers to Dr. Kolin in his reports, which are contained in the record. In his report, Dr. Heard concluded the following concerning appellee’s condition:
1. Chronic low back pain — etiology undetermined.
2. Anxiety and depression secondary to number 1.
In his June 14, 1983 report, Dr. Heard explained that Dr. Kolin felt that appellee has a severe depressive problem which may *120 or may not be contributing to the continuation of his back problem. He found that no further orthopedic treatment was available and removed the body jacket, but he recommended that appellee continue to be seen by Dr. Kolin and he was of the opinion that appellee was not capable of returning to work at that time.
Employer/carrier challenge the deputy commissioner’s finding that appellee is entitled to temporary total disability benefits from May 16, 1983 and continuing. In his order, the deputy commissioner based that award on the “medical evidence and reports of Dr. Charles W. Heard, Claimant’s treating physician and the fact that Claimant has been referred and is being treated by Dr. Irving Kolin, psychiatrist, at the Pain Management Clinic .... ”
The record is devoid of competent substantial evidence to support the deputy commissioner’s award of temporary total disability benefits from May 16, 1983 and continuing. The only medical evidence in the record as to appellee’s condition and the causal relationship of his present condition to his industrial accident are the reports of Dr. Heard. Dr. Heard’s reports are a sufficient basis upon which to award temporary total disability benefits through the authorized hospitalization periods and follow-up conferences during which Dr. Heard was examining and treating appellee and for a reasonable recuperation period thereafter. Rodriguez v. Miami Baking Co., Inc., 430 So.2d 955 (Fla. 1st DCA 1983); Atkins v. Greenhut Construction Company, 447 So.2d 268, 8 FLW 2767 (Fla.1983). However, Dr. Heard’s reports and his references to Dr. Kolin’s opinions are an insufficient basis upon which to find a causal connection between appellee’s condition and his industrial accident, and upon which to find “continuing” temporary total disability. Therefore, we reverse that portion of the order awarding temporary total disability on a continuing basis and remand to the deputy commissioner for a determination of a reasonable recovery period after appellee’s June 24, 1983, conference with Dr. Heard, during which appellee may be found to have been temporarily totally disabled.
AFFIRMED in part and REVERSED and REMANDED in part.
MILLS and SHIVERS, JJ., concur.