457 So.2d 572 (1984)
Venancia DELGADO, Appellant,
v.
LaQUINTA MOTOR INNS and Lumbermens Mutual Insurance Company, Appellees.
No. AV-428.
District Court of Appeal of Florida, First District.
October 11, 1984.
*573 John A. Leklem of Sparks, Cooper & Leklem, Orlando, for appellant.
Wendel J. Kiser of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellees.
SMITH, Judge.
Claimant appeals an order of the deputy commissioner issued September 28, 1983, which denied her claim for temporary total disability (TTD) benefits, interest, costs, penalties, and attorney's fees. We affirm, with modifications spelled out below.
Claimant had previously sustained a compensable injury on October 14, 1979, while employed by appellee LaQuinta Motor Inns. Based primarily on the opinion of Dr. Rosenberg, the deputy commissioner, after a hearing involving the same parties to this action, awarded claimant TTD benefits for the period between October 14, 1979, and March 17, 1981 (the date of the order) and beyond "so long as her temporary total disability persisted." Approximately three weeks later, the employer/carrier (E/C) discontinued TTD benefit payments to claimant. The deputy commissioner's order was subsequently affirmed without opinion by this court on January 22, 1982. On January 29, 1982, claimant filed her present claim requesting TTD and other benefits for the period from March 17, 1981, continuing.
Claimant, at the E/C's request, visited Dr. Stanford on March 1, 1982. Dr. Stanford also examined claimant on March 25, 1982. As a result of these examinations, he diagnosed claimant as suffering from a permanent impairment of six percent (6%) of the body as a whole as a result of pre-existing degenerative disc disease. However, Dr. Stanford opined that claimant's 1979 injury, for which she had previously been granted benefits, did not result in a physical impairment. Claimant was examined again by Dr. Rosenberg, her original treating physician, on July 6, 1982. He found on this examination that she exhibited the same symptomatology as when he first examined her in 1979. Dr. Rosenberg continued to adhere to his original diagnosis of degenerative disc disease with the possibility of bilateral L-5 radiculopathy, and stated that until he could rule out bilateral radiculopathy claimant would be unable to work. However, Dr. Rosenberg stated that this diagnosis was tentative, and recommended that claimant undergo a myelogram in order to confirm or deny his alternative bilateral radiculopathy diagnosis. Dr. Rosenberg testified that if the myelogram results were negative there would be a high probability claimant could return to work activities involving moderate exertion.
Claimant was referred to Dr. Montoya for a myelogram. He admitted her to Orlando Regional Medical Center for testing from November 29 until December 6, 1982. Dr. Montoya interpreted the claimant's myelogram results as normal and the results of a CAT scan as confirming his initial diagnosis of degenerative disc disease. Dr. Montoya re-examined claimant January 17, 1983, finding normal neurological results indicating that surgery was unnecessary. Accordingly, he discharged claimant as having reached maximum medical improvement (MMI) as of that date, and advised her that she was capable of returning to work in jobs that didn't require her to lift more than twenty-five (25) pounds or engage in repetitive lifting or bending.
The deputy commissioner in his order denying the claim made the following pertinent findings of fact: First, the claimant had not sought medical treatment for her back problems from March 7, 1980, until *574 March 1, 1982. Second, that claimant reached MMI no later than March 1, 1982. Third, claimant was not entitled to TTD benefits from March 17, 1981, through March 1, 1982, both because claimant had not sought medical attention for her alleged back impairment, and because no medical evidence existed in the record showing her to be TTD during the period. Finally, that claimant was not entitled to the benefits she sought for the period between March 1, 1982, and January 17, 1983, because the deputy found claimant had reached MMI by March 1, 1982, and that any disability she suffered at the times in question was related to her pre-existing degenerative disc disease and not her industrial accident of October 14, 1979. Although we find competent, substantial evidence to support certain of these findings, we find certain conclusions reached by the deputy commissioner to be erroneous as a matter of law.
Initially, we dispose of claimant's contention that she was improperly denied TTD benefits for the entire period between March 1, 1982, and January 17, 1983. Claimant relies primarily upon alleged errors in a number of factual findings made by the deputy, which she contends would, if overturned, entitle her to TTD benefits. Those challenges relating to the credibility of witnesses, for example, her claim that the deputy erred in finding that she had not sought medical attention for almost two years, are properly matters for the deputy commissioner to weigh and decide. McCandless v. M.M. Parrish Construction, 449 So.2d 830, 833 (Fla. 1st DCA 1984). We do, however, find error in that part of the order which denies claimant TTD benefits between March 17, 1981, and March 1, 1982, and between November 29, 1982, and January 17, 1983. We find, contrary to the ruling of the deputy commissioner, that claimant is entitled to TTD benefits during the period when the first order granting benefits (dated March 17, 1981) was on appeal to this court, until March 1, 1982, when Dr. Stanford found upon examination of the claimant that she was not suffering from a compensable, accident-related disability. During this time, the only medical evidence in the record was Dr. Rosenberg's opinion that claimant was disabled and incapable of returning to work. Since the deputy commissioner's denial of benefits for this period was predicated in part upon a specific finding that there was no medical evidence of inability to work, it was in error. It is true, as appellees' claim, that competent, substantial evidence supports the deputy's finding that claimant had not conducted a work search during this period. However, it is also true that the E/C sought no further medical evaluation of the claimant and refused to supply any further medical treatment while the appeal was being pursued; and the claimant was never advised by Dr. Rosenberg, or anyone else, that she was released to return to work. Since the deputy had previously determined that the claimant was TTD in his first order, so far as the record discloses that condition continued until claimant was re-examined on March 1, 1982. In view of this state of the record, we find no basis for holding that claimant either knew or should have known that she was free to return to work, and hence TTD benefits cannot be denied for this period. Daytona Linen Services and Mission Insurance Company v. Davis, 454 So.2d 46 (Fla. 1st DCA 1984), quoting Fulmer-Orlando v. Taylor, 419 So.2d 734, 735 (Fla. 1st DCA 1982).
The deputy commissioner also committed reversible error when he denied claimant TTD benefits for the time period she was hospitalized, on instructions by Dr. Montoya, in order to undergo myelogram and other testing from November 29, 1982, until December 6, 1982, and during her recuperative period thereafter, up until Dr. Montoya found MMI on January 17, 1983. Rodriguez v. Miami Baking Company, Inc., 430 So.2d 955 (Fla. 1st DCA 1983). This is true even though we accept, as supported by competent, substantial evidence, the deputy's finding that claimant reached MMI by March 1, 1982, since the claimant is entitled even after MMI to TTD benefits for a period of hospitalization and *575 recuperation following curative procedures necessitated by a compensable injury. Atkins v. Greenhut Construction Co., 447 So.2d 268, 270 (Fla. 1st DCA 1983).[1]
In conclusion, we REVERSE those portions of the order below denying claimant benefits from March 17, 1981, through March 1, 1982, and November 29, 1982, through January 17, 1983, and REMAND for entry of an order modified as noted above. In all other respects, the order appealed from is AFFIRMED.
AFFIRMED as modified; REMANDED with directions.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] We note that no issue exists here as to the E/C's liability for medical expenses incurred by claimant in the examination and evaluation of her ongoing medical difficulties subsequent to March 17, 1981, as the E/C has voluntarily accepted liability for those expenses. Cf., Atkins v. Greenhut Construction Company, 447 So.2d at 270.