516 So.2d 993 (1987)
Julian LOPEZ, Appellant,
v.
NABISCO BRANDS, INC., and Travelers Insurance Company, Appellees.
No. BP-152.
District Court of Appeal of Florida, First District.
November 24, 1987.
*994 Eugene Williams, of Williams & Zientz, Coral Gables, and Joseph C. Segor, Miami, for appellant.
Karen M. Gilmartin, of Adams, Kelley & Kronenberg, Miami, for appellees.
ZEHMER, Judge.
Claimant appeals a workers' compensation order denying temporary total or temporary partial benefits and wage loss from August 1, 1984, to March 12, 1986. Finding some merit in both issues raised by appellant, we reverse.
Regarding the first issue, the record does not contain competent, substantial evidence to support the deputy commissioner's denial of wage loss benefits from August 1, 1984, to March 12, 1986.[1] The record shows without controversion that claimant was not informed by the employer or carrier of his duty to conduct a work search and was not furnished wage-loss forms until he received a "BCL form 4" dated December 29, 1985, and appellees make no contention to the contrary in their brief. An employee is required to make an adequate job search to recover wage loss benefits pursuant to section 440.15, Florida Statutes (1981), but an employee "is excused from a job search if the employer fails to inform the employee of his rights and responsibilities under the Act." Coq v. Fuchs Baking Co., 507 So.2d 138, 141 (Fla. 1st DCA 1987). See also Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986); DeFrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986). Hence, claimant was excused from conducting a job search at least until January 1986. Claimant offered no evidence regarding his job search during February and March, and wage loss claims for those two months were not ripe for determination. Therefore, the inclusion of those two months in the order denying benefits was error.
The deputy commissioner also erred in denying wage loss from January 23, 1985, on the alternative ruling based on deemed earnings attributed to a job offer *995 made to claimant by the employer on that date. The record does not contain competent substantial evidence to support the finding that the offered job was within claimant's medical restrictions to light duty imposed by Dr. Bermann. The offered job required claimaint to perform substantially the same duties as his regular job, which exceeded the light duty restrictions, and the record contains no offer of alternative employment within those restrictions. Because the record does not show that claimant refused employment commensurate with his abilities or suitable to his capacity, neither section 440.15(3)(b)2 nor section 440.15(6) precludes him from receiving wage loss benefits.
Regarding appellant's second issue on appeal, we hold that the deputy commissioner erred in denying temporary total benefits for the period November 4-30, 1985, while claimant was being treated at the University of Miami Pain Center. The reason for this denial was, as stated in the order, that "no evidence or testimony was presented by anyone from the University of Miami Pain Team to indicate the dates of treatment, or to indicate that the claimant was unable to work during his treatment with the University of Miami Pain Team." This statement simply is not supported by the record. The record contains twenty-eight pages of medical records from the University of Miami Pain Center, received in evidence without objection as exhibit 3-A, documenting claimant's treatment at the Pain Center. These records reflect that claimant was treated as an inpatient from November 4-17, 1985, and as an outpatient from November 18-30, 1985. During this period, claimant completed a comprehensive series of tests and therapy sessions and attended an extensive list of daily program activities throughout the period. Furthermore, the record indicates that Dr. Bermann, claimant's authorized physician, referred claimant to the Pain Center for the purpose of attempting to improve his condition and alleviate his pain. Even after reaching maximum medical improvement (as claimant had in this case), a claimant is entitled to temporary total disability benefits for a period of hospitalization and recuperation following curative procedures necessitated by a compensable injury. Delgado v. LaQuinta Motor Inns, 457 So.2d 572 (Fla. 1st DCA 1984).
The appealed order is reversed and the cause is remanded for entry of an order consistent herewith.
REVERSED AND REMANDED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Claimant makes no claim for entitlement to wage-loss benefits for the month of January 1986 because the carrier paid wage-loss for that month.