THOMPSON, Judge.
The employer carrier (EC) appeals an order which found that the statute of limitations does not bar the claim and that claimant is due temporary total disability (TTD) compensation. We affirm in part and reverse in part.
The appellant Aetna Casualty and Surety Company (Aetna) contends: (1) the deputy commissioner (deputy) erred in requiring Aetna to pay a portion of claimant’s claim because the statute of limitations had run as to it; (2) the deputy erred in finding the claimant was entitled to TTD benefits; and (3) the deputy erred in ordering that the TTD benefits continue for as long as the claimant remains in that category of disability. St. Paul Fire & Marine Insurance Company (St. Paul) contends: (1) the deputy did not err in finding the statute of limitations had not run as to Aetna; (2) the deputy erred in finding the claimant was entitled to TTD benefits; and (3) the deputy erred in ordering that the TTD benefits continue for as long as the claimant remains in that category. Claimant cross-appealed and assigned as error the award of TTD benefits notwithstanding uncontra-dicted medical evidence that the claimant had reached maximum medical improvement (MMI), and the deputy’s failure to determine the claimant's entitlement to benefits for 1986.
We find that the claim against the employer and the carriers Aetna and St. Paul was filed within two years from the date of the last payment of compensation or medical benefits. It is therefore not barred by the statute of limitations. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla.1986).
The deputy failed to make a determination on claimant’s claim for benefits during 1986. This issue was ripe for adjudication and should have been decided by the deputy. Bailey v. Hawes Chrysler-Plymouth, 410 So.2d 986 (Fla. 1st DCA 1982). On remand the deputy is instructed to make a finding as to what benefits, if any, the claimant is entitled to for the year 1986.
The remaining issues all relate to the award of TTD benefits. The uncontradict-ed medical testimony is that the claimant had reached MMI, and therefore TTD bene-, fits are not properly payable after the claimant had reached MMI. Dan’s Plumbing v. Smith, 410 So.2d 941 (Fla. 1st DCA 1982). The award of TTD benefits is reversed and the cause is remanded with instructions for the deputy to determine the date the claimant reached MMI and to award such wage loss benefits or other permanent benefits, if any, which the record indicates are supported by competent substantial evidence.
AFFIRMED IN PART AND REVERSED IN PART.
ERVIN and BOOTH, JJ., concur.