721 So.2d 1183 (1998)
ORANGE COUNTY SCHOOL BOARD and United Self-insured Services, Appellants,
v.
Linda MELMAN, Appellee.
No. 97-3574.
District Court of Appeal of Florida, First District.
August 25, 1998.
Kevin S. Murphy and Susan J. Anger of Moore & Peterson, P.A., Orlando, for Appellants.
Glen D. Wieland, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellee.
*1184 PER CURIAM.
After her 1993 industrial accident, Linda Melman reached maximum medical improvement on December 27, 1994. Ten months later, on a chiropractor's advice, Ms. Melman stayed home from work from October 26 until November 29, 1995. For the same reason, nearly nineteen months after reaching maximum medical improvement, she again stayed home from work from August 9 until August 14,1996. Ms. Melman sought temporary total disability benefits for these periods, which the judge of compensation claims awarded. Her former employer and its servicing agent now appeal. We reverse.
The general rule is that a claimant may receive permanent, but not temporary, total disability benefits after reaching maximum medical improvement. See Corral v. McCrory Corp., 228 So.2d 900, 903 (Fla. 1969); Coca-Cola Bottling Co. v. Tunson, 534 So.2d 910, 911 (Fla. 1st DCA 1988); Department of Offender Rehabilitation v. Godwin, 394 So.2d 1091, 1092 (Fla. 1st DCA 1981); Broward County Bd. of County Comm'rs v. Damore, 391 So.2d 286, 286 (Fla. 1st DCA 1980). "The date of maximum medical improvement marks the end of temporary disability and the beginning of permanent disability." Corral, 228 So.2d at 903. But see City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998) (noting a limited exception, not pertinent here, to the "venerable rule" that a claimant may not receive permanent total disability benefits before reaching maximum medical improvement).
Surgery or other remedial or curative procedures performed after the date of maximum medical improvement may entail temporary disability, however. See Smitty's Coffee Shop v. Florida Indus. Comm'n, 86 So.2d 268, 270 (Fla.1956); Lopez v. Nabisco Brands, Inc., 516 So.2d 993, 995 (Fla. 1st DCA 1987); Delgado v. LaQuinta Motor Inns, 457 So.2d 572, 574-75 (Fla. 1st DCA 1984); Atkins v. Greenhut Constr. Co., 447 So.2d 268, 270 (Fla. 1st DCA 1983). "[A] claimant is entitled even after [maximum medical improvement] to [temporary total disability] benefits for a period of hospitalization and recuperation following curative procedures necessitated by a compensable injury." Delgado, 457 So.2d at 574-75; see Lopez, 516 So.2d at 995; Palm Beach County Bd. of County Comm'rs v. Roberson, 500 So.2d 180, 181 (Fla. 1st DCA 1986).
Here, Ms. Melman's chiropractic treatment held no prospect of lasting improvement. The chiropractors were simply administering what we have previously viewed as palliative treatment. See Professional Adm'rs v. Macias, 448 So.2d 1159, 1160 (Fla. 1st DCA 1984) (approving deputy commissioner's holding that chiropractic treatment was palliative despite chiropractor's testimony that the treatment was remedial).
Although she submitted wage-loss forms for part of the period in question, Ms. Melman's petition for benefits did not seek wage-loss benefits for the periods in which she followed her chiropractors' advice not to work. See § 440.15(3)(b), Fla. Stat. (1993). This is not a case where the judge of compensation claims erroneously decided upon a premature date of maximum medical improvement. Cf. Emergency One, Inc. v. Williams, 431 So.2d 251 (Fla. 1st DCA 1983). The parties have, indeed, stipulated to maximum medical improvement as of a date nearly a year before the first period in question. Under these circumstances, Ms. Melman is not entitled to temporary total disability benefits. See, e.g., City of Tampa v. Miyares, 430 So.2d 540, 540-41 (Fla. 1st DCA 1983); Clyatt Memorial, Inc. v. Scott, 394 So.2d 159, 159 (Fla. 1st DCA 1981).
REVERSED.
BENTON, VAN NORTWICK and PADOVANO, JJ., concur.