PER CURIAM.
The record in this workers’ compensation case contains competent, substantial evidence that supports the implicit findings of the judge of compensation claims (JCC) that prior to his retirement on March 23, 1999, the claimant suffered injury to his back caused by repetitive trauma resulting from his driving a street sweeper for the employer, that he was unable to continue in his employment as a street sweeper driver due to the back condition, and that the employer failed to offer him work which was within his physical limitations. The record also contains the testimony of an orthopedic surgeon (Dr. Baker) who performed independent medical examinations of the claimant in October 2000 and in July 2001, that claimant did not reach maximum medical improvement from this back condition until July 27, 2001. In his order, the JCC found that the chiropractor who treated the claimant following the reported October 1997 incident which resulted in a low back injury “released the Claimant at maximum medical improvement with no residual impairment as of 11/19/97.” The JCC also stated in the order that he accepted “only that portion of Dr. Baker’s testimony” which restricted the claimant from sitting for prolonged periods.
Absent a finding that claimant did not reach maximum medical improvement (MMI) from his back injury caused by the repetitive trauma of his work conditions prior to 104 weeks after the date of his retirement, the award of temporary partial disability benefits for 104 weeks from the date of the claimant’s retirement is improper, in view of the order’s recitation of a November 1997 date of MMI and the JCC’s apparent rejection of Dr. Baker’s opinion that the claimant did not reach MMI until July 2001. See Orange County School Board v. Melman, 721 So.2d 1183 (Fla. 1st DCA 1998), and the cases cited therein.
Because we are of the opinion that this internal inconsistency is most likely the result of an oversight on the part of the JCC, the order is REVERSED and the case is REMANDED to the JCC for further proceedings.
ERVIN, BARFIELD and WOLF, JJ., concur.