894 So.2d 274 (2004)
Celestino REYES, Appellant,
v.
GRANITE CONSTRUCTION CO., and RSKCO, Appellees.
No. 1D03-4257.
District Court of Appeal of Florida, First District.
December 23, 2004.
Bradley Guy Smith, of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox, Tampa, and Wendy S. Loquasto, Tallahassee, of Fox & Loquasto, P.A., for Appellant.
Joanne M. Prescott of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellees.
BROWNING, J.
The claimant, Celestino Reyes, appeals certain portions of the final order of the Judge of Compensation Claims (JCC) that denied and dismissed the claim for temporary total disability/temporary partial disability (TTD/TPD) benefits from June 13, 2001; that denied and dismissed the claim for medical care/treatment with an orthopedist for the alleged back injuries; that denied and dismissed the claim for payment of permanent total disability (PTD) benefits; and that dismissed as premature (and, thus, not ripe) the claim for payment of further impairment benefits. We construe the denial of PTD benefits as pertaining solely to a physical standpoint, as the issue of entitlement to PTD benefits from a psychiatric standpoint is premature because Reyes has not yet reached psychiatric maximum medical improvement (MMI). See Rivendell of Fort Walton v. Petway, 833 So.2d 292, 296 (Fla. 1st DCA 2002) (setting out general rule in Florida that a determination of MMI must precede an award of PTD benefits); Orange County Sch. Bd. v. Melman, 721 So.2d 1183 (Fla. 1st DCA 1998) (noting that a claimant cannot receive PTD before reaching MMI). Concluding that the JCC's findings of fact are supported by competent substantial evidence and that the JCC correctly applied the law to the facts, as found, we affirm the final order, subject to the construction of the denial of PTD benefits as referring solely to the physical standpoint. See McFarlane, Ferguson v. Whaley, 641 So.2d 173 (Fla. 1st DCA 1994) (stating that where claimant has attained MMI physically, but not psychiatrically, a PTD award may be predicated solely on physical injuries).
AFFIRMED, with a clarification.
DAVIS and HAWKES, JJ., CONCUR.