BROWNING, J.
Because Claimant is not eligible for permanent total disability (PTD) benefits as to her psychiatric condition, and the final order does not limit the award of PTD benefits to Claimant’s physical condition, we reverse the order.
While the parties stipulated that Claimant reached statutory maximum medical improvement (MMI) * on January 2, 2003, this was only physical MMI, because psychiatric treatment had not been authorized until after that date and just before the start of trial on October 9, 2004. The judge of compensation claims (JCC) did not make an explicit finding that Claimant had reached psychiatric MMI. Moreover, the only evidence in the record is that Claimant had not reached psychiatric MMI.
Both Claimant and her husband testified that Claimant used to be much happier and had lost some of her excitement for living. Drs. Podnos and Beighley explicitly stated that Claimant had not reached psychiatric MMI. Dr. Harris found Claimant unemployable because of the psychiatric conditions indicated in the other doctors’ reports, and Dr. Russell concluded only that Claimant was physically capable of sedentary work, opining that, without psychiatric treatment, her psychiatric condition precluded employment. Dr. Podnos believed Claimant would improve with aggressive treatment, and Dr. Russell left open the possibility that treatment might help Claimant’s psychiatric condition improve enough for her to be employable.
Because there is no competent substantial evidence to support a finding that Claimant had reached psychiatric MMI, the award of PTD benefits to Claimant is premature. See Rivendell of Fort Walton v. Petway, 833 So.2d 292, 296 (Fla. 1st DCA 2002). There is one exception to the Rivendell rule: a PTD award to a claimant who has not reached psychiatric MMI is not premature if he or she has reached physical MMI and the award is predicated solely on the physical injury. See McFarlane, Ferguson v. Whaley, 641 So.2d 173 (Fla. 1st DCA 1994), cited in Reyes v. Granite Constr. Co., 894 So.2d 274 (Fla. 1st DCA 2004). This exception does not apply here because the final order’s award of PTD is based on the JCC’s *861 determination that a combination of physical and psychiatric conditions rendered Claimant unemployable and entitled to PTD.
We REVERSE the compensation award. Claimant may seek PTD benefits again in the future. Cf. Daws Mfg. Co. v. Ostoyic, 756 So.2d 175 (Fla. 1st DCA 2000) (holding that a claimant could pursue PTD benefits on her physical condition alone (as to which she had reached MMI), on her psychiatric condition alone (after she reached psychiatric MMI), or on both (again, after she reached psychiatric MMI)).
KAHN, C.J., and THOMAS, J„ concur.

 A claimant is deemed to be at MMI when he or she has received 104 weeks of temporary benefits. § 440.15(2)(a), (4)(b), Fla. Stat. (Supp.1998).