SHIVERS, Judge.
Appellant/employer appeals an order of the Judge of Industrial Claims finding that the appellee/carrier did not provide workmen’s compensation insurance coverage for appellant’s employees. Because the insurance policy in question was not before the Judge of Industrial Claims at the time of the entry of the order, we reverse.
Appellant purchased the Colonial Kitchen Restaurant on November 1, 1977. The claimant, a restaurant employee of appellant, was injured on January 21, 1978. On the date of the accident, the former owner *738 of the restaurant had a prepaid workmen’s compensation insurance policy from appel-lee which covered the restaurant and was still in effect. There was no proration of the prepaid coverage at the sale of the restaurant and the former owner never requested a refund from appellee. Appellee did not cancel the former owner’s policy until it expired on March 8, 1978, the same date appellee commenced coverage under a new policy issued to appellant.
At the hearing below, appellant claimed compensation coverage under the former owner’s policy. Appellee denied coverage of the claimant’s accident on the grounds that the policy in effect on the date of the accident was for the benefit of the former owner and not for the benefit of appellant. Appellant contended appellee was estopped from denying coverage because it had received timely notice of the change in the restaurant’s ownership. Appellant and appellant’s attorney testified that they notified an agent of appellee of the change in the ownership of the restaurant both before and immediately after appellant purchased the business. However, appellee’s agent denied receiving notice of the sale of the restaurant until after the date of the accident.
The Judge of Industrial Claims did not resolve the issue of estoppel by notice but, instead, held that appellee did not provide appellant with workmen’s compensation insurance coverage. Although the Judge of Industrial Claims did not have before him the former policy under which appellant claimed coverage, he found that such policy did not extend to appellant or his employees. This finding was based upon an interpretation of the new policy issued to appellant subsequent to the accident which provided that all changes must appear as an endorsement on the policy and that the agent writing the policy has no power to bind appellee. Since the finding of no coverage was based solely upon an interpretation of the new policy and not the policy under which appellant claims coverage, there is no competent and substantial evidence to support the order.
Additionally, the Judge of Industrial Claims erred in failing to rule on the issue of estoppel by notice. Estoppel is applicable when the insurer has conducted itself in such a manner as to induce action in reliance upon by it by the insured. Reliance Mutual Life Insurance Company v. Booher, 166 So.2d 222 (Fla. 2d DCA 1964); City Homes, Inc. v. Balido, 9 FCR 40 (1974), cert. denied 308 So.2d 112 (Fla.1975). Consequently, even assuming the policy in question contains a condition that all changes must appear as an endorsement on the policy and that the agent writing the policy has no power to bind appellee, it is possible appellee may have conducted itself in such a manner as to be estopped from raising any condition of the policy in support of its denial of coverage.
Therefore, the order is reversed and the case remanded for additional proceedings consistent with this opinion.
ERVIN and SHAW, JJ., concur.