388 So.2d 1374 (1980)
CITY OF VERO BEACH and Royal Globe Insurance Company, Appellants.
v.
Ernest THOMAS, Appellee.
No. QQ-294.
District Court of Appeal of Florida, First District.
October 17, 1980.
*1375 Bradford L. Jefferson, of Brennan, McAliley, Hayskar & McAliley, Fort Pierce, for appellants.
Irvin A. Meyers and Gary J. Boynton of Meyers, Mooney & Adler, Orlando, for appellee.
PER CURIAM.
The employer/carrier appeal an order in a worker's compensation case which modified, on grounds of mistake, a prior order fixing claimant's average weekly wage at $162.50 as stipulated by the parties. The order appealed found claimant's average weekly wage to be $239.87, based upon claimant's evidence that he failed to advise his attorney, at the time of stipulation, that he had additional income from part-time employment which could have been added to his regular employment benefits in computing his average weekly wage. Claimant further established that he was unaware that part-time earnings could be considered, and that his attorney had no knowledge of his part-time employment until some three years after the date of the stipulation.
We reverse the order of modification because it is based upon an erroneous interpretation or application of Section 440.28, Florida Statutes (1975), which provides:
Upon a judge's own initiative or upon the application of any party in interest, on the ground of a change of condition or because of a mistake in the determination of a fact the judge of industrial claims may ... review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation... .
The statute permits a modification based upon "a mistake in the determination of a fact." Here we have no such mistake but merely a failure on the part of the claimant to present evidence which could have been considered in determining a fact, namely, his average weekly wage. The statute contemplates corrections based upon a mistake made by the judge of industrial claims, not by one of the parties or their counsel. Power *1376 v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla. 1960); Scotty's Carpet Service v. McGriff, IRC Order 2-3155 (May 16, 1977); and Amway Corporation v. Yerby, IRC Order 2-3319 (January 16, 1978). The rule is not altered by the circumstance that the initial fact was determined based upon a stipulation of the party. A stipulation should neither be ignored, nor should it be set aside in the absence of fraud, overreaching, misrepresentation, a withholding of facts by the adversary party, or some such element as would render the agreement void. Steele v. A.D.H. Building Contractors, Inc., 174 So.2d 16 (Fla. 1965). Relief by way of modification for mistake cannot be granted merely because different facts presented to the judge might have produced a different result. Amway, supra. Here it was error to hold that the claimant's unilateral mistake authorized a redetermination of his average weekly wage.
As for the judge's finding that the modification was not prejudicial to the employer/carrier because it had only the effect of providing a higher average weekly wage for purposes of offset under Section 440.15(10)(a), Florida Statutes,[1] and that the same result could be accomplished by the claimant's invocation of the protective provisions of 42 U.S.C. § 424a and 20 C.F.R. § 404,[2] we hold that such a determination is premature. Our reversal is therefore without prejudice to further proceedings when and if the effect of the federal code and regulations becomes a matter ripe for adjudication.
REVERSED.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] The judge found no immediate benefit to the claimant because his social security benefits had been temporarily suspended.
[2] Under the offset statute (Section 440.15(10)(a), Florida Statutes), the injured worker's benefits cannot be reduced to a greater extent than they would have been reduced under 42 U.S.C. § 424a, which provides that the basis for the offset shall be average current earnings, defined (20 C.F.R. § 404) as the higher of (a) the average monthly earnings used for computing his primary insurance amount for social security purposes, or (b) the average monthly earnings from covered employment and self-employment during his highest five consecutive years after 1950.