410 So.2d 941 (1982)
DAN's PLUMBING and Cna Insurance, Appellants,
v.
Robert SMITH, Jr., Appellee.
No. AC-387.
District Court of Appeal of Florida, First District.
January 28, 1982.
On Rehearing March 11, 1982.
Peter C. Burkert, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
John Larson Lund, Fort Myers, for appellee.
WIGGINTON, Judge.
The claimant/appellee in this workers' compensation appeal suffered a compensable *942 accident on August 27, 1979, for which he was awarded temporary total disability (TTD) benefits. Claimant received these benefits from the date of the accident until they were terminated by the carrier on November 18, 1980. During that period of time, claimant was being treated by an authorized physician, Dr. Gardner, who was advising claimant not to return to work.
On October 9, 1980, however, claimant was referred by the carrier to a second physician, Dr. Angelides, who upon examining claimant concluded that he had reached maximum medical improvement (MMI) and was free of any disability based on his injury of August 27, 1979. On the basis of Dr. Angelides' determination of MMI, the carrier terminated claimant's TTD benefits. However, at that time it did not undertake to unilaterally de-authorize Dr. Gardner. Consequently, claimant continued to receive physical therapy from Dr. Gardner, who was still advising him not to return to work.
Dr. Gardner was not de-authorized by the carrier until March 16, 1981, the date of the hearing of claimant's claim for payment of unpaid medical bills and for benefits from November 18, 1980. It was claimant's contention at the hearing that he had not reached MMI, based on Dr. Gardner's opinion to the same effect. The deputy commissioner, however, accepted Dr. Angelides' opinion as to MMI. Nevertheless, because of the dilemma that faced the claimant in having to choose between the advice given by two "authorized" physicians as to his ability to return to work, the deputy awarded claimant TTD benefits from the date they were terminated by the carrier until the date of the hearing. Although we agree that claimant was placed in a perplexing and inequitable position, we hold that the deputy commissioner erred as a matter of law.
It is axiomatic under workers' compensation law that except under unusual circumstances not present here, the date of MMI marks the end of temporary disability benefits and the beginning of other disability benefits that may be due under the statute. Broward County Board of County Commissioners v. Damore, 391 So.2d 286 (Fla. 1st DCA 1981); Department of Offender Rehabilitation v. Godwin, 394 So.2d 1091 (Fla. 1st DCA 1981). Accordingly, the deputy commissioner erred in awarding TTD benefits beyond October 9, 1980, the date that Dr. Angelides determined claimant had reached MMI.
However, the carrier had a responsibility to de-authorize its designated physician, Dr. Gardner, upon its acceptance of Dr. Angelides' determination of MMI, and a duty to notify claimant of his possible entitlement to wage-loss benefits. See sections 440.13(2) and 440.185(10), Florida Statutes (1979). Silence on the part of the carrier placed claimant in an inequitable position. Claimant could either obey Dr. Gardner's instructions not to conduct a job search, thereby risking possible future compensation benefits, or disobey his instructions and seek employment, thus unduly prolonging his period of recovery. Clearly, the remedial spirit and purpose behind the Workers' Compensation Act would mandate that claimant be compensated for the period between the termination of his TTD benefits by the carrier and the date of the hearing.
Accordingly, we hold that claimant is entitled to wage-loss benefits effective retroactively from November 18, 1980 through the date of the hearing and continuing so long as those benefits are proper. Further, the carrier shall be penalized for its delinquency in attending to its responsibilities and be estopped from asserting the untimeliness of claimant's application for wage-loss benefits and his failure to conduct an adequate job search through the date of the deputy's order. Dean v. Central Mutual Insurance Co., 381 So.2d 737 (Fla. 1st DCA 1980).
Consequently, the order is reversed and the case remanded for additional proceedings consistent with this opinion.
LARRY G. SMITH, and THOMPSON, JJ., concur.

*943 ON MOTION FOR REHEARING
PER CURIAM.
Appellants' petition for rehearing is granted. We adhere to our opinion remanding the case to the deputy commissioner for consideration of additional proceedings. However, the penultimate paragraph of the opinion has created some confusion in the minds of the employer/carrier. It is intended and directed that should the claimant seek wage-loss benefits for the period of time so designated, then and in such event the employer/carrier shall only be deprived of asserting the single defense of claimants' failure to meet the job search requirement from November 18, 1980, through the date of the hearing on March 16, 1981. The employer/carrier shall not be deprived from asserting against Smith any other defenses they may have to prevent or minimize wage-loss benefits during the four-month period or thereafter.
LARRY G. SMITH, THOMPSON and WIGGINTON, JJ., concur.