PER CURIAM.
The employer/carrier appeal an award of temporary total disability benefits and attorney’s fees. We reverse.
Claimant, a truck driver, sustained a com-pensable industrial accident on July 30, 1980, when a 600 pound drum slipped and pinned his right hand against the side of the truck. The claimant visited a doctor. Surgery was recommended, but the claimant refused on the grounds that he could not live on workers’ compensation payments for the six to eight weeks required for recovery. He continued to work until February of 1981, at which time he quit because his hand was too painful. After leaving his job with the employer, the claimant made several trips as an owner/operator.
The claimant sought temporary total disability benefits from February 21, 1981, the day he stopped working for the employer, until June 15, 1981. The deputy found that there was no medical evidence that the claimant was unable to work during this period, but that he had made a “conscientious effort” to return to work, and tried to *851 work on several occasions but was unable to do so. The deputy awarded temporary total disability benefits for the entire period, “with the exception of when he did work, or tried to work, during that period of time.” The deputy also found that claimant’s attorney was entitled to a reasonable attorney’s fee, reserving jurisdiction to determine the amount at a later date.
The deputy’s finding that there was no medical evidence that claimant was unable to work during the period for which benefits were sought is supported by the evidence. His finding that claimant had made a “conscientious effort” to find work, however, is not. The claimant testified that the pain in his hand made it impossible for him to drive or handle cargo. Consequently, his attempts to obtain employment as a truck driver, or warehouse worker, cannot be considered evidence of a good faith work search. Where there is no medical evidence that a claimant is unable to work, he must seek work within his physical capabilities. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975); Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981).
Additionally, it was error for the deputy to determine that claimant’s attorney was entitled to a reasonable attorney’s fee in this case. The claim was for temporary total disability benefits only, the carrier accepted the accident as compensable, and no evidence was introduced which would tend to show that the carrier acted in bad faith. Section 440.34(3), Florida Statutes (1980); Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981).
REVERSED and REMANDED.
LARRY G. SMITH, JOANOS and THOMPSON, JJ., concur.