418 So.2d 1274 (1982)
DELTONA CORPORATION and Home Indemnity Company, Appellants,
v.
Charles R. MORRIS, Sr., Appellee.
No. AJ-100.
District Court of Appeal of Florida, First District.
September 8, 1982.
*1275 Richard H. Weisberg of Cooper & Rissman, Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, Orlando and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
PER CURIAM.
In this workers' compensation case, the employer/carrier raises several points relating to the award of wage-loss benefits, and the claimant raises a single issue on cross-appeal challenging the wage-loss award. Only one issue regarding the language of the decretal portion of the deputy commissioner's order requires discussion. We find the award to be supported by competent, substantial evidence and affirm on all points.
Appellant contends that paragraph one of the decretal portion of the order is ambiguous in that it implies an open-end award, rather than a specific period. The language at issue is: "1. That the employer/carrier ... shall continue to pay same [wage-loss benefits] so long as the claimant is entitled to wage-loss benefits."
We agree with appellee that such language is customary in a workers' compensation award and that the decretal portion of the order is entirely appropriate. Appellee cites as an example Dan's Plumbing v. Smith, 410 So.2d 941 (Fla. 1st DCA 1982), in which this court held the claimant was entitled to wage-loss benefits effective retroactively "from November 18, 1980 through the date of the hearing and continuing so long as those benefits are proper." Dan's Plumbing at 942.
Appellant suggests that there is an inconsistency between Dan's Plumbing and appellant's authority, Exxon Co., U.S.A. v. Rodriguez, 410 So.2d 571 (Fla. 1st DCA 1982), reversing a wage-loss award based upon alleged similar language in the order as that now before us. In our opinion there is no inconsistency. The Rodriquez opinion does not quote from the deputy's order so we do not know whether the language in dispute was deemed to imply an open-end award. The relevant portion of Rodriquez is:
The deputy's order is ambiguous as it erroneously implies an open-end award of wage-loss compensation benefits. This deficiency in the order might have been avoided by counsel's prompt application to the deputy. Failing such application and opportunity to correct, we must reverse this point in the order and remand for the deputy to delineate the period for which these benefits were awarded.
Rodriquez at 573.
The date of accident in this case is July 14, 1980. Under the 1979 Act, requests for wage-loss benefits must be filed monthly and each claim is a separate claim. At the time the first wage-loss benefit is paid, the carrier generally has no idea of the extent of its future liability for wage-loss benefits. There is nothing in the 1979 statute to prevent a party from requesting serial hearings to determine the appropriate benefit for each period of wage-loss.
*1276 Awards of wage-loss compensation benefits to be paid "so long as such benefits are proper" or "so long as claimant is entitled to such benefits" are examples of proper terminology. An order awarding wage-loss benefits to be paid "to the date of hearing and continuing" is improper. The disputed language in the case at hand is sufficiently finite as it necessarily allows for flexibility and encompasses the possibility of a determination of a wage-loss on a month-by-month basis. See § 440.15(3)(b)1, Fla. Stat. (Supp. 1980).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and ERVIN and SHAW, JJ., concur.