445 So.2d 389 (1984)
VETERANS SEPTIC TANK SERVICE, and Aetna Insurance Company, Appellants,
v.
Carl WALLACE, Appellee.
No. AT-159.
District Court of Appeal of Florida, First District.
February 13, 1984.
James M. Hess of Driscoll, Langston & Kane, Orlando, for appellants.
R.W. Simmermon, Orlando, for appellee.
SHIVERS, Judge.
The employer/carrier appeal the order of the deputy commissioner awarding claimant wage loss benefits, costs, and directing the employer/carrier to pay claimant's attorney a reasonable attorney's fee. We affirm as to the issues raised on appeal with respect to the deputy's findings that claimant made a good faith and adequate work search, that claimant did not voluntarily limit his employment, and that costs of the proceedings should be taxed against the employer/carrier, since we find competent, substantial evidence in the record to support these findings. We reverse and remand with directions as to the award of attorney's fees and the decretal portion of the order awarding claimant wage loss benefits for the period August 1, 1982 to April 1, 1983 and continuing. We discuss only these latter two points.
Neither in the application for hearing nor at the hearing itself did claimant's attorney assert that the carrier's bad faith handling of the claim was the basis for his claim for attorney's fees. Although this court has interpreted the language contained in section 440.34(3)(b), Florida Statutes (1980), as not requiring the deputy to conduct a completely separate hearing on the question of entitlement to attorney's *390 fees on the basis of bad faith, but only that the question of bad faith be specifically litigated as a separate issue with factual evidence presented going directly to that issue, Embry-Riddle Aeronautical U. v. Vestal, 399 So.2d 1033, 1035 (Fla. 1st DCA 1981), this court has also held that the deputy may not infer from general testimony that bad faith exists, see, e.g., Closet Maid Corp. v. Wilson, 429 So.2d 419, 421 (Fla. 1st DCA 1983); Jess Parrish Memorial Hospital v. Layer, 420 So.2d 917 (Fla. 1st DCA 1982). Here, the record is devoid of any forthright assertion of bad faith, or any meaningful litigation on that subject at the hearing before the deputy. Accordingly, the deputy's order as to attorney's fees is reversed and remanded with directions to the deputy to conduct a separate hearing, necessitated by the failure to meaningfully determine entitlement to attorney's fees at the regular hearing, on the question of claimant's entitlement to attorney's fees.
As to the decretal portion of the order awarding claimant wage loss benefits for the period August 1, 1982 to April 1, 1983, and continuing, we agree with the employer/carrier that the language "and continuing" is error, since by law wage loss benefits are a monthly benefit, section 440.20(4), Florida Statutes (1980); with the employer/carrier having fourteen days from the date of receipt of the wage loss request to accept or reject the same. See Hattaways, Inc. v. Smith, 414 So.2d 643 (Fla. 1st DCA 1982). Upon remand, the deputy is therefore directed to strike the word "continuing" from the order on review, and substitute in lieu thereof, the language "so long as such benefits are proper" or "so long as claimant is entitled to such benefits." See Deltona Corp. v. Morris, 418 So.2d 1274, 1276 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part and REMANDED with directions.
JOANOS and THOMPSON, JJ., concur.