WIGGINTON, Judge.
Appellants, employer/carrier, appeal that portion of the deputy commissioner’s order awarding wage loss benefits to appellee from March 16, 1983 and continuing. We affirm.
Employer/carrier contend that the deputy commissioner erred in awarding wage loss benefits on the basis of the evidence in the record because appellee’s job search was inadequate and appellee failed to cooperate with the carrier by completing and submitting job search forms. Competent substantial evidence supports the deputy commissioner’s finding of an adequate job search. Appellee testified, without contradiction, that during the period in question, he sought work three to four days a week and he gave an example of his work search and the procedures he followed. Employer/carrier did not contest that testi *128 mony upon cross-examination or rebuttal. The record is void of employer/carrier examining appellee as to his job'search effort. Unless the employer/carrier attacks the credibility of such a prima facie showing at the hearing, it shall stand, if accepted by the deputy commissioner. Under these circumstances, where otherwise repetitive testimony is given by limited examples and without challenge, then it shall be deemed sufficient to establish a basis for a good faith job search, if again, that testimony is deemed competent and accepted as sufficient by the deputy commissioner.
The main thrust of employer/earrier’s opposition to entitlement to wage loss benefits is appellee’s failure to file job search forms. However, this Court has visited that question previously in Clemmons v. Carroll, 438 So.2d 995 (Fla. 1st DCA 1983), declaring:
As a practical matter it would be wise for the careful claimant’s attorney to anticipate the employer/carrier’s need for work search information and supply it along with the request form. This would prevent unnecessary delays in cases where benefits are clearly due and in cases where the employer/carrier intends to controvert the request, the Claimant can take immediate steps to bring the matter before the deputy commissioner for determination. However, the law as interpreted by the First District Court of Appeal in Ardmore Farms probably does not require such a form to be filed. Therefore, if the work search information is not attached to the request for wage-loss benefits and the claimant has in fact conducted a good faith work search, the employer/carrier cannot escape liability for payment of such benefits based merely on the fact that such information was not included in the request. ...
AFFIRMED.
SHIVERS, J., concurs.
MILLS, J., dissents with written opinion.