461 So.2d 235 (1984)
COUTURE FASHIONS, INC. and Chubb Group of Insurance Companies, Appellants,
v.
Edda ROMAY and Division of Workers' Compensation, Appellees.
No. AY-87.
District Court of Appeal of Florida, First District.
December 20, 1984.
*236 H. Jack Miller of Miller, Hodges & Kagan, Miami, for appellants.
*237 David H. Levine of Ser, DeCardenas, Levine, Busch & Schnepper, and Jay M. Levy of Hershoff & Levy, Miami, for appellees.
THOMPSON, Judge.
In this appeal from an order awarding wage-loss benefits, the sole issue raised by the appellant employer/carrier (E/C) is whether the Deputy Commissioner (deputy) erred in finding that the claimant had made a good faith effort to obtain employment during the period for which benefits were claimed. Because there was an absence of competent substantial evidence to support the finding that the claimant conducted a good faith work search, we reverse.
In 1980, the claimant was involved in an industrial accident which left her with a 5% permanent impairment of her right leg and hip, and with physical limitations and restrictions which prevent her from engaging in physical labor which would involve the use of her right leg, or in any activity involving a great deal of walking. In a prior order entered in this cause on April 14, 1983, the deputy awarded wage-loss benefits for the period from the date of maximum medical improvement through February 28, 1982. On January 19, 1984 the E/C's appeal from the prior order was affirmed by this court without written opinion. 444 So.2d 418. Accordingly, the findings of fact made by the deputy in his prior order have become the law of the case. Among the findings included in the prior order were that: (1) claimant is a native of Cuba who has only a limited command of the English language, (2) claimant was hen only 45 years old, (3) claimant has a high school education plus vocational training both as a machine operator and in the secretarial field, and (4) since coming to the United States claimant has been employed only as a factory worker and a machine operator.
The claim at issue in this appeal was for wage-loss benefits for the period from March 1, 1982 through March 1, 1983. Evidence adduced in connection with this claim reveals that claimant's work experience as a machine operator since her arrival in this country has been limited to work as a sewing machine operator in clothing factories, and that such work requires at least some use of the right leg. The evidence further reveals that at the hearing on the prior claim for wage-loss benefits, the claimant produced a list of the employers she had contacted in her effort to find suitable employment. The claimant produced no such list for the period after March 1, 1982. At various times during her deposition and at the hearing on the instant claim, the claimant testified that she "forgot" to continue to keep a record of employer contacts, that she "didn't even know" or "didn't remember why" she stopped keeping a work search list, and that her failure to keep such a record was "because of the nerves ... nerves, tensions, worries, I forget things... ." When deposed on April 1, 1983, the claimant testified that she could not remember the names of any of the employers she had contacted after March 1, 1982. She further testified that the only type of work she sought during the period at issue was work as a sewing machine operator, and she admitted that she had made no effort to find work through the Florida State Employment Service. When questioned as to whether she thought she could successfully return to work as a sewing machine operator in view of the fact that the work would require at least some use of her right leg, she responded that she would not know whether she would be able to return to such work without trying it, and that none of the employers she had contacted had permitted her to attempt to operate a sewing machine.
At the hearing conducted on May 11, 1983, the claimant was able to remember the names of 11 of the factories she had visited looking for work, but she gave no testimony as to the dates when she had contacted the named employers. She did testify that she had sought work during each week of the period for which benefits were claimed, and she indicated, at different times while testifying, that she had sought work "once or twice a week" or "about eight or ten times" per week or "an average of eight or ten daily." She testified *238 that she sought work through the Spanish language newspaper, by telephoning the various clothing factories listed in the telephone book, and by making personal visits to the various factory districts in the Miami area to look for help wanted signs and to inquire in person whether help was needed.
The work search evidence adduced by claimant was entirely inadequate to support the deputy's finding that she conducted an adequate, good faith work search. In Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982) and in Conshor, Inc. v. Barnhart, 422 So.2d 946, 947, fn. 1 (Fla. 1st DCA 1982), this court indicated that the "minimum evidentiary standards for proof of an adequate and good faith work search ... should include the names of the businesses contacted, the type of work sought, the number of contacts made, and the time frame within which work was sought." Here, the claimant was able to name only 11 of the numerous businesses she claimed she had contacted during the course of an entire year. Her evidence as to the number of contacts made was inconsistent, and the only evidence concerning the time frame within which she sought work was that the described employer contacts had been made some time during the period from March 1, 1982 to March 1, 1983. Although there can be derived from Regency Inn and the other cases discussing the evidentiary predicate necessary to establish a good faith work search no inference or intimation that a claimant must state the precise date and hour of each employer contact, we conclude that a claimant who could do no better than to assert that her job search efforts were conducted some time during a 12 month period has failed to establish the time frame of the work search with sufficient specificity. Because requests for wage-loss benefits must be filed on a monthly basis, and because each request for wage-loss benefits filed constitutes a new and separate claim, Regency Inn v. Johnson; Deltona Corporation v. Morris, 418 So.2d 1274 (Fla. 1st DCA 1982), the claimant must, at the very least, adduce evidence that appropriate employer or placement agency contacts were made during each month for which benefits are claimed. A bare assertion that an unspecified number of unnamed potential employers were contacted over the course of a year does not constitute competent and substantial evidence of the "time frame" of the work search.
Although the claimant did provide evidence of the type of work she sought (sewing machine operator), there was some question as to her ability to perform such work given the injuries to her leg. A claimant who seeks only such types of work as he or she will be unable to perform has not conducted a good faith work search. Watkins Motor Lines, Inc. v. Privette, 416 So.2d 850 (Fla. 1st DCA 1982). Also of significance is the fact that the record reveals claimant is qualified by education and training to perform at least some types of work other than operating a sewing machine. When questioned as to why she had not sought some other type of work, the claimant's only responses were "I don't know the language ..." and "I can't find something to do which I don't know how to do." The claimant acknowledged that she speaks Spanish fluently, and, as pointed out by counsel for the appellant in his brief, a Spanish speaking person who lives in the Miami area can hardly be said to be foreclosed, as a result of his or her inability to speak English, from performing any type of work other than as a sewing machine operator. Although it was perfectly appropriate for the claimant to attempt to return to the type of work with which she is most familiar, her failure to even attempt to find some other type work after unsuccessfully seeking a sewing machine operator's position for over a year casts doubt, to say the least, on the sincerity of her assertion that she desires to reenter the work force. In view of the fact that the primary reason for the existence of the Florida State Employment Service is to provide free assistance in locating work for persons such as claimant, *239 her failure to contact that agency also casts doubt on her sincerity.
Finally, we agree with and approve the deputy's finding that "the claimant's failure to keep a specific list or record of places she sought work should not result in a denial of her claim for wage-loss benefits." Neither the provisions of Chapter 440, Fla. Stat. nor the case law impose any requirement that workers' compensation claimants keep a written record of their efforts to obtain work. What is required, however, is that a claimant who wishes to receive wage-loss benefits adduce competent substantial evidence, in any form, that he or she has made a bona fide effort to obtain work commensurate with his or her post-accident abilities. Therefore, a claimant who fails to keep a written record of the work search does so at his or her peril, since an inability to adduce evidence which will support a finding that a good faith work search has been made will not be excused on grounds that the claimant can no longer remember the names of the employers she contacted and the approximate dates the contacts were made. Compare Alchar Wholesale Hardware Company v. Mason, 452 So.2d 127 (Fla. 1st DCA 1984), wherein this court held that the claimant had no obligation to file written job search forms as requested by the carrier, but nonetheless remained under an obligation to adduce competent and substantial evidence that a good faith work search was conducted.
REVERSED.
BOOTH and SMITH, JJ., concur.