PER CURIAM.
This cause is before us on appeal from an amended final workers’ compensation order dated November 30, 1984, changing claimant’s average weekly wage (AWW) from $550 per week to $136.67 per week, which has the effect of reducing claimant’s compensation rate from $126 per week to $82 per week. We reverse.
The deputy’s 1983 order established $550 as the AWW; thus, the appropriate procedure for the employer/carrier (E/C) to challenge that determination was through direct appeal. Since they did not file a timely appeal, the E/C cannot now go back and obtain relief unless there was a mistake of fact on the part of the deputy. City of Hialeah v. Cascardo, 443 So.2d 448 (Fla. 1st DCA 1984). Section 440.28, Florida Statutes (1975), allows a modification based upon “a mistake in the determination of a fact.” This has been interpreted to mean “relief by modification for mistake cannot be granted merely because different facts presented to the judge might have produced different results.” City of Vero Beach v. Thomas, 388 So.2d 1374, 1376 (Fla. 1st DCA 1980). In the pretrial stipulation, the E/C claimed that the AWW was $505,[1] while claimant contended his AWW was $975. Both sides stipulated that the compensation rate was $126, the appropriate rate under either claimed AWW. The deputy awarded the stipulated rate. Thus, *397 the E/C have waived the right to complain about the compensation rate, absent fraud, overreaching, misrepresentation, withholding of facts by an adverse party, or such element as would render the agreement void, City of Vero Beach, supra, factors not found by the deputy to be present in the instant case.
Accordingly, we reverse the amended final order and remand for reinstatement of the order of October 31, 1983.
BOOTH, C.J., and NIMMONS and ZEH-MER, JJ., concur.

. Review of the record shows that the E/C failed to request that claimant produce his business records until after the 1983 order and that the E/C specifically raised the issue of AWW in the 1981 hearing and produced evidence to support their assertion that claimant’s AWW was $505.