THOMPSON, Judge.
This is an appeal from a workers’ compensation order which awards wage loss and other benefits. Among the several issues raised by the employer/carrier (E/C) is the propriety of the deputy commissioner’s (deputy) decision to award wage loss benefits for the period from April 12, 1983 to June 23, 1984. Specifically, the E/C argue that claimant is ineligible for wage loss benefits under § 440.-15(3)(b)3.d., Fla.Stat. (1981), and that claimant failed to conduct a proper work search. We agree that the deputy erred in awarding wage loss benefits.
Section 440.15(3)(b)3.d., Fla.Stat. (1981) provides that a claimant’s right to wage loss benefits shall terminate when the claimant reaches age 65 and becomes eligible for social security retirement benefits. In his order, the deputy failed to expressly rule on the application of said statute, notwithstanding the uncontradict-ed record evidence showing that claimant turned 65 on October 28, 1983. See Ralston Purina Co. v. Byers, 457 So.2d 1138 (Fla. 1st DCA 1984). Furthermore, in order to prove entitlement to wage loss benefits, a claimant must show that he or she has made a bona fide and conscientious effort to obtain employment commensurate with his or her post-accident capabilities. The evidence that the claimant in this case sought work following his doctor’s determination that he could return to work consist *847 ed solely of the claimant’s own testimony that he looked for work by reading the classified ads and by regularly contacting his union hiring hall. This work search evidence was entirely inadequate to support a conclusion that a good faith work search was conducted. Couture Fashions, Inc. v. Romay, 461 So.2d 235 (Fla. 1st DCA 1984). Accordingly, those portions of the order which find that claimant satisfied all of the statutory prerequisites for entitlement to wage loss benefits and which direct the E/C to pay wage loss benefits for the period from April 12, 1983 to June 23, 1984 are reversed. We find no merit in the other issues raised.
AFFIRMED in part and REVERSED in part.
ERVIN and SHIVERS, JJ., concur.