522 So.2d 987 (1988)
WILEY JACKSON COMPANY and Underwriters Adjusting Company, Appellants,
v.
John WEBSTER, Appellee.
No. BR-387.
District Court of Appeal of Florida, First District.
March 25, 1988.
David C. Chafin of Whittaker, Stump & Webster, Orlando, for appellants.
C. Thomas Ferrara, Altamonte Springs, for appellee.
NIMMONS, Judge.
In this workers' compensation case, the employer and carrier challenge the award of wage-loss benefits and the determination of average weekly wage. While we conclude that there is competent substantial evidence to support the award of wage-loss benefits in this case, we find that the language of the decretal portion of the deputy commissioner's order granting such benefits requires modification. We further find it necessary to reverse the deputy's average weekly wage determination.
The deputy found in his final order that the claimant was entitled to full wage-loss benefits "from September 11, 1986 through the present, and continuing until such time as the employer/carrier provides rehabilitation to the claimant by a private rehabilitation facility." We agree with appellants that this award is erroneous as a matter of law.
Wage-loss benefits are monthly benefits. Section 440.20(4), Florida Statutes (1985). Wage-loss claims must be filed on a month-by-month basis, and each request for wage-loss benefits constitutes a new and separate claim. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA *988 1982); Deltona Corporation v. Morris, 418 So.2d 1274 (Fla. 1st DCA 1982) and Couture Fashions, Inc. v. Romay, 461 So.2d 235 (Fla. 1st DCA 1984). In accordance with these general principles, this court has recognized that an order awarding wage-loss benefits to be paid "to the date of hearing and continuing" is improper. Deltona Corporation, 418 So.2d at 1276. See also Veterans Septic Tank Service v. Wallace, 445 So.2d 389 (Fla. 1st DCA 1984) (holding that the language "and continuing" in the decretal portion of the order awarding claimant wage-loss benefits for the period August 1, 1982 to April 1, 1983, and continuing was error). We recognized in those cases, however, that an award of wage-loss benefits "so long as such benefits are proper" or "so long as claimant is entitled to such benefits" is appropriate. Such language does not imply an open-end award and is "sufficiently finite as it necessarily allows for flexibility and encompasses the possibility of a determination of a wage-loss on a month-by-month basis." Deltona Corporation, 418 So.2d at 1276.
The language used in the present case, "and continuing until such time as the employer/carrier provide rehabilitation to the claimant by a private rehabilitation facility," does not encompass the possibility of a determination of wage loss on a month-by-month basis. Therefore, this language is stricken from the order and substituted therefor is the language "and continuing so long as such benefits are proper."
Finally, in calculating claimant's average weekly wage, the deputy erroneously included the $500 per month which the employer paid to the claimant for living expenses while the claimant was staying in Stuart while working on the construction job where he was injured. Such payments were made only when the claimant was working away from home and would cease upon his return to the Orlando area.
If an employer no longer makes certain expense payments because the employee no longer incurs those expenses, the employee has suffered no economic loss. The payments in the present case are akin to those involved in Layne Atlantic Company v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982), wherein such payments were deemed to constitute "a make-whole reimbursement for uniquely work-related expenses that are created by and within the employment." Id. at 839. As in Scott, the make-whole payments made to the claimant in the instant case did not constitute an economic advantage or benefit to the claimant and were therefore improperly included in the average weekly wage calculation. To that extent, the order must therefore be reversed and the case remanded for a recalculation of claimant's average weekly wage.
AFFIRMED in part as modified, REVERSED in part, and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.