534 So.2d 709 (1988)
I.A.T.S.E. and Claims Center, Appellants,
v.
James M. NESSELROAD, Appellee.
No. 87-1430.
District Court of Appeal of Florida, First District.
October 14, 1988.
Rehearing Denied December 29, 1988.
Ivan Matusek and Anthony V. Cortese of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellants.
Roy L. Glass of Roy L. Glass, P.A., St. Petersburg, for appellee.
BOOTH, Judge.
This cause is before us on appeal and cross appeal of an order finding that claimant has a permanent impairment, setting his average weekly wage, and ordering wage-loss benefits. The deputy commissioner also denied the employer/servicing agent's request for an overpayment credit, denied claimant's two requests for advances, and found that claimant did not need psychiatric care. Although the parties raise several issues, we find it necessary to address only whether claimant voluntarily limited his income and the effect of the stipulation concerning claimant's average weekly wage.
Claimant is a 34-year-old member of the International Alliance of Theatrical and Stage Employees (union) and performed heavy manual labor until he injured his back in November 1984. He required four operations before reaching maximum medical improvement in October 1986. Prior to his injury, he worked two to three days weekly but was able to earn enough to support himself. Because claimant reached MMI with a permanent impairment and lifting restrictions, he is no longer able to do the heavy union work.
Although claimant notified the union that he was available for work following MMI, he took no further steps to secure union work until he attended a union meeting several months later, shortly before the *710 hearing below. During this time, he performed no job search, other than acquiring a part-time job working three nights weekly in a bar. He earns approximately $60 a week. Although the deputy made no finding on the subject, medical testimony indicated that, despite his impairment, claimant is capable of performing full-time light work. However, claimant's lack of education and skills make it unlikely he will be able to achieve his preinjury income without retraining.
On two occasions, the employer/servicing agent arranged for rehabilitation providers to meet with claimant to devise a plan for retraining in a new occupation. Both counselors indicated that claimant's attitude made rehabilitation impossible. Specifically, claimant did not want to attend school to retrain, did not want to work 40 hours a week, wanted a job that allowed him to set his own hours, and wanted to earn his preinjury income. One report indicated that when a counselor forced claimant to confront the likelihood that he would need to work a full-time job for the rest of his life, claimant expressed suicidal intentions. The deputy initially ruled that claimant voluntarily limited his income and refused rehabilitation, but reversed himself in an amended order holding that there was no voluntary limitation of income. The finding that claimant refused rehabilitation was not vacated.
A claimant who is not physically disabled to work must search for work conscientiously, Vantage Pointe v. Sowers, 463 So.2d 396 (Fla. 1st DCA 1985), and he must prove all elements of a wage-loss claim, including a causal relationship between the injury and wage loss. Tampa Electric Company v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985). Where a claimant cannot return to his original employment but must seek light or restricted work, there remains the obligation to make a work search within this claimant's physical limitations. Lakeland Construction Company v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983). A work search limited to union employment is insufficient. R.J. Nicolli Painting Company, Inc. v. Potts, 447 So.2d 371 (Fla. 1st DCA 1984). As to claimant's part-time job, finding and holding a full-time job generally excuses a claimant from a work search, Cod v. Fuchs Baking Company, 507 So.2d 138 (Fla. 1st DCA 1987), Stahl v. Southeastern X-Ray Company, 447 So.2d 399 (Fla. 1st DCA 1984), Western Union Telegraph Company v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987), Adart South Polybag Manufacturing, Inc. v. Goldberg, 495 So.2d 826 (Fla. 1st DCA 1986), but the same does not apply to part-time employment. In Vantage Pointe, supra, this court held that where a claimant reached maximum medical improvement with permanent impairment to one arm and performed no job search, his acceptance of a part-time job constituted voluntary limitation of income. Sharp Construction Company, Inc. v. Perez, 429 So.2d 367 (Fla. 1st DCA 1983), holds that a claimant is not excused from a job search because he has a part-time job which satisfies him.
Accordingly, we reverse the deputy's order awarding wage-loss benefits. Because claimant may in the future perform a proper work search and establish entitlement to wage-loss benefits, we also address the issue on cross appeal regarding the validity and effect of the stipulation. We hold that the stipulation entered in March 1985 was valid, binding, and controls the issue of claimant's average weekly wage, and there being no suggestion or finding by the deputy of fraud, overreaching, misrepresentation, or concealment at the hearing below, Battle v. General Sand and Stone, 478 So.2d 396 (Fla. 1st DCA 1985), City of Vero Beach v. Thomas, 388 So.2d 1374 (Fla. 1st DCA 1980), the deputy could not vary the amount agreed to as an average weekly wage. Accordingly, on remand we direct that the order be amended to reflect an average weekly wage of $325.55, in accordance with the stipulation.
The order below is reversed as to the wage-loss award and the effect of the stipulation, and in all other respects is affirmed *711 and remanded for further consistent proceedings.
SHIVERS and THOMPSON, JJ., concur.