546 So.2d 1122 (1989)
John BRIGHT, Appellant,
v.
CITY OF TAMPA and Poe Risk Management Services, Inc., Appellees.
No. 88-1999.
District Court of Appeal of Florida, First District.
July 13, 1989.
*1123 Dennis A. Palso of Frank Hamilton & Associates, P.A., Tampa, for appellant.
Stephen M. Barbas of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for appellees.
MINER, Judge.
The claimant appeals a worker's compensation order determining his average weekly wage (AWW) and his wage loss benefits. He asserts that the deputy commissioner (dc) erred by failing to include in the determination of his AWW the value of employer-provided transportation. He also contends that the dc improperly applied the "deemed earnings" provision of section 440.15(3)(b)2, Florida Statutes (1981), in calculating his wage loss. We affirm in part and reverse in part.
The claimant, a Tampa City Police sergeant, used an employer-provided city patrol car to travel to and from work twelve miles per week. He suffered a work-related low-back injury in 1983 which eventually caused him to retire and seek alternative employment. He drew both disability pension benefits and supplemental wage loss benefits while newly employed in 1987 as a claims investigator with the City of Tampa Risk Management Department, earning $760.80 bi-weekly. In July 1987, he voluntarily terminated this city employment to work for the state as a full-time correctional probation officer earning $722.44 bi-weekly. After reviewing the medical records of his low-back condition, the state *1124 terminated his employment in September 1987.
Despite the parties' stipulation that the claimant conducted a good-faith work search, the employer/carrier (e/c) computed his wage loss benefits by subtracting as deemed earnings income from his city claims position and his city police pension benefits.[1] The dc approved the e/c's calculations. He found that the e/c properly computed claimant's AWW without credit for the value of employer-provided transportation to and from work. He also found that the e/c properly computed the claimant's wage loss benefits deducting his pension benefits and income from the city investigator job based on his voluntary termination of that employment.
Although the deputy commissioner has wide fact-finding latitude in determining "wages" for the purpose of an AWW calculation, this determination must be based on competent substantial evidence. If the claimed "personal benefit" is reasonably identifiable, used with uniformity and regularity and not a solely workcreated, work-related and make-whole reimbursement that would not exist but for the special requirements of the job, then the employee has suffered a "wage loss" and the dc must include its value in calculating the claimant's average weekly wage. § 440.02(21) Fla. Stat. (1981); Layne Atl. Co. v. Scott, 415 So.2d 837, 838-39 (Fla. 1st DCA 1982). The claimant derived a personal benefit from his use of a city patrol car, which benefit falls within the guidelines set out in Layne Atl. Co.[2] Accordingly, it was error for the dc to exclude the value of such use from his AWW computation.
The dc properly applied the "deemed earnings" provision in determining the claimant's wage loss benefits for the month of July, based upon his finding that the claimant had voluntarily limited his employment by quitting his job with the city. However, he improperly applied the "deemed earnings" provision in determining wage loss for the subsequent months.[3] Wage loss benefits are benefits which must be claimed separately each month. Wiley Jackson Co. v. Webster, 522 So.2d 987, 988 (Fla. 1st DCA 1988); Deltona Corp. v. Morris, 418 So.2d 1274, 1275 (Fla. 1st DCA 1982). Absent a voluntary limitation of income or an inadequate job search during the time period in question, application of the "deemed earnings" provision is improper. Brookings v. Hunzinger Constr., 512 So.2d 952, 953 (Fla. 1st DCA 1987). Fulltime employment is evidence of a good faith job search.[4]
After voluntarily limiting his income in July, the claimant worked full-time for the state in August and September 1987. After the September termination, he immediately commenced a good faith job search. The e/c failed to demonstrate that suitable employment commensurate with the claimant's abilities was available or that the claimant refused suitable employment after July. Therefore, competent substantial evidence supports the deputy commissioner's application of "deemed earnings" in July 1987, but not in the following months.
The order appealed from is reversed and remanded with instructions to recompute the claimant's average weekly wage and wage loss benefits in accordance with the foregoing.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The claimant collected $2,000 in monthly pension benefits.
[2] The value of this personal benefit, twenty cents, is presumptively established by applying Section 440.13(4), Florida Statutes (Supp. 1982) (now Section 440.13(5), Florida Statutes (Supp. 1988)) and Section 112.061(7)(d)(1), Florida Statutes (1981). Carruth v. Allied Prods. Co., 452 So.2d 634 (Fla. 1st DCA 1984).
[3] Bado v. Canteen Corp., 513 So.2d 1364, 1365 (Fla. 1st DCA 1987).
[4] I.A.T.S.E. v. Nesselroad, 534 So.2d 709 (Fla 1st DCA 1988), Rios v. Fred Teitelbaum Constr., 522 So.2d 1015, 1018 (Fla. 1st DCA 1988), Coq v. Fuchs Baking Co., 507 So.2d 138, 141 (Fla. 1st DCA 1987).