590 So.2d 1035 (1991)
Patricia WORKMAN, Appellant,
v.
McDONNELL DOUGLAS CORP., and TGO Claims Service, Inc., Appellees.
No. 90-3607.
District Court of Appeal of Florida, First District.
December 16, 1991.
Daniel P. Faherty of Cianfrogna, Telfer & Reda, P.A., Titusville, for appellant.
*1036 David P. Rhodes of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Tampa, for appellees.
PER CURIAM.
The claimant in this workers' compensation case asserts the following errors in the Judge of Compensation Claims' (JCC's) order: (1) the JCC erred in crediting appellee/carrier for temporary total disability (TTD) benefits it allegedly overpaid to claimant; (2) the JCC erred in denying benefits for the period from June 1988 through the date of maximum medical improvement (MMI) on October 3, 1990; (3) the JCC erred in denying the claim for wage-loss benefits after MMI, and in denying benefits on a "continuing" basis, and (4) the JCC erred in denying reimbursement for unauthorized examination and treatment by a neurologist. We agree with the claimant that there was no competent substantial evidence to support the denial of TTD benefits prior to MMI. We therefore reverse both the overpayment credit and the denial of temporary benefits. Although we affirm the denial of wage-loss benefits following MMI, we must remand the order so that benefits are not denied on a continuing basis. Finally, we affirm in part and reverse in part the denial of reimbursement for medical benefits.
On December 30, 1987, claimant had a compensable accident while performing janitorial services for appellee/employer. Claimant visited Dr. Joseph Rojas, an orthopedic surgeon who became her authorized treating physician. Claimant related shoulder pain, and Dr. Rojas diagnosed a thoracic sprain which he treated with medication and physical therapy. Claimant was kept off of work until October 3, 1988, at which time Dr. Rojas returned her to full duty. This was also the date at which claimant attained MMI with a 3% permanent impairment; Dr. Rojas imposed no restrictions.
Claimant returned to work for employer but testified to having extreme difficulties in performing her duties. She visited the emergency room after work and never returned to work for employer. She submitted job search and wage loss forms for a period of time, but stopped sending the forms when employer/carrier (e/c) refused to pay. She only looked for work at four businesses since October 1988, and her search was limited to day jobs.
On September 28, 1989, on her own initiative and without authorization from e/c, claimant visited Dr. Miguel Rivera, a neurologist. Dr. Rivera diagnosed a soft tissue injury and recommended a thermogram. Claimant obtained the thermogram at her own expense in April 1990.
Following a claim and a hearing, the JCC issued an order which concluded that claimant was not entitled to benefits after June 1988. Because e/c had paid TTD benefits into September 1988, the JCC found that the claimant had been overpaid and that the carrier was entitled to a credit. Claimant was also found not to have conducted a good faith job search and thus, her wage-loss claim was denied "during the period June 1988 and continuing." Finally, the JCC denied the claim for reimbursement for treatment obtained from Dr. Rivera.
We find no competent substantial evidence in the record to support the JCC's June 1988 TTD cutoff date. The record is silent as to the significance of the June 1988 date. More importantly, such a date is inconsistent with the uncontradicted testimony of Dr. Rojas that claimant was kept off of work until October 3, 1988, when she attained MMI with a 3% permanent impairment. Acceptance of the e/c's position would mean that for the period from June through October 3, 1988, while the claimant was unable to return to work per the instructions of her authorized, treating physician, she was at the same time precluded from obtaining TTD benefits. We reject this position and conclude that claimant was entitled to TTD benefits through October 3, 1988.
Although we affirm the denial of wage-loss benefits for the period up to the hearing, we must remand the case to the JCC for removal of the language in the decretal portion of his order which purports to deny the benefits on a continuing basis. *1037 Wage-loss claims must be filed on a monthly basis, with each request constituting a new and separate claim. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), review denied, 431 So.2d 989 (Fla. 1983). It is improper to award wage-loss benefits past the date of the hearing on a continuing basis. Wiley Jackson Co. v. Webster, 522 So.2d 987 (Fla. 1st DCA 1988); Veterans Septic Tank Service v. Wallace, 445 So.2d 389 (Fla. 1st DCA 1984). Similarly, it would do violence to the month-to-month nature of wage-loss to deny such benefits on a continuing basis where the claimant has a permanent impairment.
Concerning the claim for medical benefits, the JCC correctly denied reimbursement for the initial visit to Dr. Rivera in September 1989. This first visit was made without notice to the e/c and was thus the claimant's responsibility. However, as for the April 1990 thermogram and follow-up visit, claimant may be entitled to reimbursement if she can establish the reasonableness and necessity of the treatment. The record reveals that claimant requested this treatment in her October 1989 claim for benefits. Having made a request, which was apparently ignored by the e/c, the claimant was entitled to obtain the treatment without authorization subject to a later determination by the JCC as to its reasonableness and necessity. See § 440.13(2)(b), Fla. Stat. (Supp. 1988). Because the JCC denied the entire reimbursement claim based solely on the lack of authorization, we must remand the case so that he may consider the reasonableness and necessity of the April 1990 treatment.
In sum, we reverse the overpayment credit as well as the denial of temporary benefits prior to October 3, 1988. We affirm the denial of wage-loss benefits following MMI, but remand the case for correction of the decretal language purporting to deny benefits on a continuing basis. Lastly, we affirm the denial of reimbursement for claimant's initial visit to Dr. Rivera, but we remand for consideration of the reasonableness and necessity of the later treatment. Accordingly, the JCC's order is AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, ZEHMER and MINER, JJ., concur.