KAHN, Judge,
concurring.
I agree with the disposition of this case, but write separately to question certain inferences that might be mistakenly drawn from Bado v. Canteen Corp., 513 So.2d 1364 (Fla. 1st DCA 1987) and Bright v. City of Tampa, 546 So.2d 1122 (Fla. 1st DCA 1989). These cases contain language suggesting that a Judge of Compensation Claims may not apply deemed earnings to a wage loss claim during any statutory wage loss period other than the one in which claimant voluntarily limited her income by refusing offered employment. I would suggest that such is not a proper rule of worker’s compensation law. If *1310 a claimant refuses a job, which then remains available but goes to another applicant, this fact may be considered by the JCC in determining whether the claimant has voluntarily limited her income in subsequent wage loss periods. The JCC might well conclude that, irrespective of a good faith job search, the claimant would have been working during the period in question, but for the earlier refusal of employment. I agree with the result in the present case because the forklift position was frozen rather than filled by someone else.