POLSTON, J.
Claimant Helen Chism appeals the JCC’s denial of payment for her past psychiatric medical treatment with Dr. Arturo Gonzalez. Because the JCC’s denial did not adequately address whether this past treatment was medically necessary as provided by Section 440.13(2), Florida Statutes (1995), we reverse and remand for consideration. See Bradley v. Kraft Foods, Inc., 609 So.2d 748, 751 (Fla. 1st DCA 1992)(ruling that the JCC did not properly consider legal standards of § 440.13(2), which authorizes medically necessary treatment as the nature of the injury or the process of recovery requires).
Although Ms. Chism did not request authorization for her treatment from Dr. Gonzalez from the employer/carrier, the e/c became aware of Dr. Gonzalez’s treatment. See Workman v. McDonnell Douglas Corp., 590 So.2d 1035, 1037 (Fla. 1st DCA 1991)(denial of claim for past medical *419 benefits reversed and remanded when e/c became aware of treatment and JCC did not consider reasonableness and medical necessity of treatment).
We affirm in all other respects.
AFFIRMED in part and REVERSED in part.
ERVIN and KAHN, JJ., concur.