# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2639
_____

MATTHEW MARRAFFINO,

    Appellant,

    v.

STERICYCLE/SEDGWICK CMS,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Keef F. Owens, Judge.

Date of Accident: December 10, 2014.

November 30, 2018

PER CURIAM.

In this workers' compensation case, Claimant appeals the Judge of Compensation Claim's (JCC's) dismissal of his claim for temporary partial disability (TPD) benefits for lack of jurisdiction. In dismissing the claim, the JCC reasoned that adjudication of the claim would require him to resolve the same issue concerning the date of maximum medical improvement (MMI) that is on appeal in *Marraffino v. Stericycle/Sedgwick CMS*, Case Number 1D18-0757 (*Marraffino I*). We reverse because the JCC continued to retain jurisdiction over claims to entitlement to benefits becoming due at different times from those addressed in the prior order.

Under section 440.15(4)(a), Florida Statutes (2014), TPD benefits are payable if MMI has not been reached and the medical conditions resulting from the injury create restrictions, not an absolute prohibition, on a claimant's ability to return to work. *See, e.g., Wyeth/Pharma Field Sales. v. Toscano*, 40 So. 3d 795, 799 (Fla. 1st DCA 2010). The date of MMI is defined as "the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based on reasonable medical probability." § 440.20(10), Fla. Stat. (2014). A finding of MMI is precluded where a claimant is entitled to remedial care — i.e., where there is a reasonable expectation that the necessary treatment will bring about some degree of recovery — even if that treatment ultimately proves ineffective. *See Delgado v. Omni Hotel*, 643 So. 2d 1185, 1186 (Fla. 1st DCA 1994) (citing *Rolle v. Picadilly Cafeteria*, 573 So. 2d 94, 97 (Fla. 1st DCA 1991)); *see also Rosa v. Progressive Emp'r Servs.*, 84 So. 3d 472 (Fla. 1st DCA 2012).

Here, Claimant sustained a compensable injury to his right knee on December 10, 2014. In September 2017, Claimant filed a petition for benefits seeking, among other things, payment of TPD benefits from August 19, 2017, and continuing. On January 22, 2018, the JCC entered an order awarding nine days of TPD benefits but denying TPD benefits after August 28, 2017, because he found that Claimant was at MMI as of that date. That order and finding is the subject of the appeal in *Marraffino I*. Prior to any disposition in *Marraffino I*, Claimant filed another petition for benefits seeking TPD benefits allegedly payable after August 28, 2017. In the order currently on appeal, the JCC found he had no jurisdiction and dismissed the TPD claim without reaching the merits.

Our standard of appellate review here is de novo. *See Jacobsen v. Ross Stores*, 882 So. 2d 431, 432 (Fla. 1st DCA 2004) (holding subject matter jurisdiction is reviewed de novo).

In his order, the JCC found that the prior order included any subsequent claims for TPD benefits because Claimant sought benefits "to the present *and continuing*." As authority, the JCC misplaced his reliance on *McDonnell Douglas Corp. v. McDonald*, 620 So. 2d 1146 (Fla. 1st DCA 1993). The court in that case —

based on previous opinions — *struck* language that awarded temporary partial disability benefits "through the present and continuing" to substitute the following: "to the date of the hearing and *for so long as such benefits are proper*." *Id*. (emphasis added) (citing *Rodeway Inn v. Bryant*, 615 So. 2d 857, 858 (Fla. 1st DCA 1993)); *Workman v. McDonnell Douglas Corp*., 590 So. 2d 1035, 1036-37 (Fla. 1st DCA 1991); *Wiley Jackson Co. v. Webster*, 522 So. 2d 987, 988 (Fla. 1st DCA 1988)). Contrary to the JCC's assumption, the point of the substituted language was to avoid an "open-ended" award of ongoing benefits that would not be subject to challenge. *See e.g., Webster*, 522 So. 2d at 988.

Claimant concedes the claim for TPD benefits *before* the date of the January 22, 2018, order was properly dismissed and thus limits this appeal to claims *after* the date of that order. But, in the appealed order here, the JCC went on to find that he lacked jurisdiction over later TPD benefits even assuming the prior order concerned only the time period through January 22, 2018. The JCC concluded he did not have jurisdiction to address that claim because it required resolution of the same issue on appeal in *Marraffino I* — specifically, whether Claimant was at MMI on August 28, 2017.

The JCC's conclusion, however, is based on the faulty premise that once Claimant was at MMI, he must forever stay at MMI. This court previously recognized that a change of condition may entitle a claimant to further remedial care even after assignment of a date of MMI. *See, e.g., Ivey v. City of Sarasota,* 533 So. 2d 881, 881-82 (Fla. 1st DCA 1988) (citing *Oak Crest Enter, Inc., v. Ford*, 411 So. 2d 927, 929 (Fla. 1st DCA 1982)). Furthermore, "workers' compensation benefits, by design, are to be paid in real time." *Benniefield v. City of Lakeland*, 109 So. 3d 1288, 1291 (Fla. 1st DCA 2013).

Here, Claimant is seeking entitlement to TPD benefits which allegedly became due at a different (i.e., later) time period from that denied in the prior order. Although the JCC "noted" that Claimant was making the same argument that he is not at MMI and that the circumstances had not changed, this is a question of fact that goes to Claimant's prima facie case. In other words, the JCC here could ultimately find that Claimant has not met his

burden of proving entitlement to the subsequent benefits not covered by the prior order,[1] but it does not follow that he lacked the jurisdiction to do so.

For the forgoing reasons, we reverse the order below and remand for consideration of the merits of the claim for TPD benefits payable after January 22, 2018.

REVERSED and REMANDED for further proceedings consistent with this opinion.

WOLF, LEWIS, and WETHERELL, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Alexandra Valdes of Cole, Scott & Kissane, P.A., Miami, for Appellees.

---

[1] This determination will depend largely on the disposition of *Marraffino I* because (a) the underlying issue in that case is whether any additional treatment Claimant may receive on his knee short of a total knee replacement (such as the HA injections awarded in the order on appeal in this case) is remedial or palliative, (b) the JCC found in the order on appeal in *Marraffino I* that additional injections "would only constitute palliative care," and (c) at the hearing in this case, Claimant was asserting that he is no longer at MMI solely because the HA injections sought in the current petition for benefits (and awarded in the order on appeal in this case) are, and always have been, remedial in nature.

4